UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL LIS, et al., | : | C.A. No. 11-cv-01057-AWT |
| Plaintiffs, | : | |
| v. | : | |
| PAUL DELVECCHIO, JR. et al., | : | |
| Defendant. | : | SEPTEMBER 2, 2011 |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT PAUL DELVECCHIO, JR.

Defendant, Paul DelVecchio, Jr. ("DelVecchio") answers the Complaint of Plaintiffs, Paul Lis and DJ Paulie Broadcasting LLC (collectively, "Plaintiffs"), as follows:

### NATURE OF THE ACTION

1.  DelVecchio admits that this action purports to arise under the trademark laws of the United States and Connecticut statutory law, but otherwise denies the remaining allegations contained in paragraph 1 of the Complaint.

### PARTIES

2.  DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the same.

3.  DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the same.

4.  DelVecchio admits that he resides in the State of Rhode Island and has performed professionally in the State of Connecticut, but otherwise denies the remaining allegations of paragraph 4 of the Complaint.

5. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies the same.

6. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

10. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

11. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same.

12. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same.

## JURISDICTION

13. DelVecchio admits that this action purports to arise under the trademark laws of the United States, but otherwise denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

15. Paragraph 15 contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies the same.

16. Paragraph 16 contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

17. Deny.

## VENUE

18. Paragraph 18 contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

## GENERAL ALLEGATIONS

### DJ PAULIE and Marks

19. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, or any of its subparts, and, therefore, denies the same.

20. DelVecchio admits that Exhibit G to the complaint appears to be a photocopy of a registration and, further, that the registration speaks for itself, but otherwise is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the same.

21. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies the same.

22. DelVecchio admits that Exhibit H to the Complaint appears to be a photocopy of a registration and, further, that the registration speaks for itself, but otherwise is without

information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the same.

23. Deny.

24. Deny.

25. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies the same.

26. Deny.

### Defendants' Alleged Willful Infringement of the DJ Paulie Marks And Irreparable Harm to the Plaintiffs

27. Deny.

28. DelVecchio admits that a reality television series titled "Jersey Shore" aired on MTV and featured Mr. DelVecchio, but the remaining allegations contained in paragraph 28 are not directed to DelVecchio, and DelVecchio otherwise denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Deny.

30. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies the same.

31. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies the same.

32. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies the same.

33. DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the same.

34. Deny.

35. DelVecchio admits that he is advertised and promoted as a DJ at the Palms Casino, but otherwise denies the remaining allegations contained in paragraph 35 of the Complaint.

36. As the allegations contained in paragraph 36 are not directed to DelVecchio, no response is required. To the extent a response is required, DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies the same.

37. As the allegations contained in paragraph 37 are not directed to DelVecchio, no response is required. To the extent a response is required, DelVecchio is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies the same.

38. Admit.

39. DelVecchio's filings with, and documents issued by, the United States Patent and Trademark Office speak for themselves. To the extent the allegations contained in paragraph 39 differ from the documents, they are denied.

40. DelVecchio's filings with, and documents issued by, the United States Patent and Trademark Office speak for themselves. To the extent the allegations contained in paragraph 40 differ from the documents, they are denied.

**FIRST CLAIM FOR RELIEF**
**(Violation of 15 U.S.C. § 1051 et seq. – Lanham Act Trademark Infringement)**

41. DelVecchio repeats and realleges his responses to paragraphs 1-40 as if fully set forth herein.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

## SECOND CLAIM FOR RELIEF
(Violation of 15 U.S.C. § 1125 – Lanham Act Trademark Dilution)

48. DelVecchio repeats and realleges his responses to paragraphs 1-47 as if fully set forth herein.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

## THIRD CLAIM FOR RELIEF
(Violation of 15 U.S.C. § 1125(a) – Federal Unfair Competition)

54. DelVecchio repeats and realleges his responses to paragraphs 1-53 as if fully set forth herein.

55. Paragraph 55 contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

56. Deny.

57. Deny.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition by Infringement of Common Law Rights)

58.  DelVecchio repeats and realleges his responses to paragraphs 1-57 as if fully set forth herein.

59.  Deny.

60.  Deny.

61.  Paragraph 61 contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

## FIFTH CLAIM FOR RELIEF
### (Violation of Connecticut Unfair Trade Practices Act – Conn. Rev. Stat. 42 § 110a et seq.)

62.  DelVecchio repeats and realleges his responses to paragraphs 1-61 as if fully set forth herein.

63.  Paragraph 63 contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

64.  Deny.

65.  Deny.

66.  Deny.

67.  Deny.

## ALLEGATION OF DAMAGES

68.  Deny.

69.  Deny.

DelVecchio denies that Plaintiffs are entitled to the relief sought in the Wherefore clause that follows paragraph 69 of their Complaint.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims and requests for relief are barred by the doctrine of waiver.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

Plaintiffs' claims are barred by abandonment.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIX DEFENSE

Plaintiffs failed to mitigate their alleged damages.

### SEVENTH DEFENSE

Lis' registration for the mark, DJ PAULIE, U.S. Reg. No. 3,735,703, was obtained by fraud.

### EIGHTH DEFENSE

Lis' registration for the mark, DJ Paulie's Worldwide Countdown, U.S. Reg. No. 3,850,538, was obtained by fraud.

### NINTH DEFENSE

Plaintiffs' claims are barred by laches and acquiescence.

## COUNTERCLAIM

Pursuant to 15 U.S.C. § 1064, Counterclaim Plaintiff, Paul DelVecchio, Jr. ("DelVecchio"), for his counterclaim and Petition for Cancellation alleges as follows:

### Parties

1. Counterclaim Plaintiff DelVecchio is a resident of Johnston, Rhode Island.

2. Upon information and belief, Counterclaim Defendant Paul Lis ("Lis") is an individual residing at 1430 Ellingston Road, South Windsor, CT.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 2201, 2202, 1331 and 1338(a).

4. This Court has personal jurisdiction over Lis because, upon information and belief, he is a resident of Connecticut.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Lis filed his Complaint in this District and thus consented to venue in this Court.

### Facts

**DelVecchio's Trademark Rights**

6. Beginning when he was 16, DelVecchio has offered his services as an entertainer and disc jockey under his common law trademark, DJ PAULY D.

7. Since at least 1996, DelVecchio has offered services and goods substantially and continuously in interstate commerce under his DJ PAULY D trademark.

8. DelVecchio offers and has offered his entertainment and DJ services under his DJ PAULY D trademark using listed profiles on Facebook, Twitter, and MySpace, on nightclub websites and via other various website services.

9. DelVecchio's decision to use his trademarks, "DJ Pauly" and "DJ Pauly D," has always been the result of purely marketing considerations. His name, Paul DelVecchio, Jr., is naturally shortened to "Pauly" and "Pauly D," and adding "DJ" allowed him to promote his entertainment and DJ services readily.

10. DelVecchio's use of the DJ PAULY D trademark has been well known in the industry and among relevant consumers for years, in part because of the time, money and effort DelVecchio has expended ensuring that the relevant consumers associated the DJ PAULY D trademark with DelVecchio.

11. Since at least 2009, DelVecchio has promoted himself principally as PAULY D on the television series "Jersey Shore," which premiered in the United States on December 3, 2009. "Jersey Shore" airs in the United States and internationally, and is currently in its fourth season. In 2010, DelVecchio and the entire cast of Jersey Shore were named on Barbara Walter's 10 Most Fascinating People.

12. In 2010, America's Best DJ announced that DelVecchio, known as DJ PAULY D, was ranked as the eighth most popular United States-based DJ. DelVecchio has been nominated again as a finalist in 2011.

13. In 2011, DelVecchio joined the Femme Fatale Tour as an opening act for musical artist Britney Spears.

14. As a result of DelVecchio's continued use and sale of services and goods bearing the DJ PAULY D trademark, DJ PAULY D has achieved a high level of recognition and goodwill and is well-recognized as a leading provider of entertainment and related services in the United States and the world.

10

15.     DelVecchio owns common law rights in the DJ PAULY D trademark for entertainment and other services and goods, all of which are valid, subsisting and in full force and effect. DelVecchio owns two United States federal trademark applications for DJ PAULY D, both of which are currently pending.

**<u>Lis' Alleged Trademark Rights in DJ PAULIE</u>**

16.     Upon information and belief, on or about January 29, 2007, Lis filed a trademark application in the United States Patent and Trademark Office (the "USPTO") to register the mark "DJ PAULIE" for "entertainment services in the nature of disc jockey services" in Class 041, with a claimed first use in commerce date of January 1, 1980 (the "First Lis Application"). A true and accurate copy of the First Lis Application is attached hereto as <u>Exhibit A.</u>

17.     On or about January 29, 2007, Lis filed a specimen described as a "webpage consisting of description of services" as part of the First Lis Application. The specimen purports to depict a website page view dated May 11, 2006.

18.     On or about May 18, 2007, during the prosecution of the First Lis Application, the USPTO sent an Office Action to Lis. The Examining Attorney rejected the First Lis Application based on a likelihood of confusion between the proposed mark, "DJ PAULIE," and a registered trademark, "PAUL-E," which was registered on March 27, 2001 in Class 041 for entertainment services in the nature of live performances of a disc jockey for parties and special events. The PAUL-E registration reflected a January 16, 1999 first date of use in commerce.

11

19. Lis did not respond to the May 18, 2007 Office Action or address the PAUL-E registration by presenting to the USPTO an earlier date of priority or responding to the likelihood of confusion issues.

20. Rather, in 2007, Lis abandoned the First Lis Application.

21. Thereafter, on or around May 1, 2008, Lis filed a second trademark application in the USPTO to register the trademark, "DJ Paulie," for "entertainment services in the nature of disc jockey services" in Class 041 (the "Second Lis Application"). The Second Lis Application claimed a different first use in commerce of September 15, 1973, i.e. approximately seven (7) years earlier than the first use claimed in the First Lis Application. A true and accurate copy of the Second Lis Application is attached hereto as Exhibit B.

22. On or about May 1, 2008, Lis submitted to the USPTO a specimen in the Second Lis Application that is different from the specimen he submitted in connection with the First Lis Application; he described it as a "letterhead used in connection with promoting business activities." The second specimen consisted of a single sheet of undated paper with the following heading:



DJ Paulie
23 Valley Crest Drive, West Hartford, CT. 06110,Tel: (203) 561-0694

23. On May 1, 2008, Lis, through his attorney, submitted a declaration with the Second Lis Application claiming that Lis believed that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive", even

though Lis was aware, at least, of the earlier use of PAUL-E.  Exh. B.

24.     Upon information and belief, on January 12, 2010, Lis was issued U.S. Reg. No. 3,735,703 for DJ Paulie in International Class 041 for entertainment services in the nature of disc jockey services, with a first use in commerce date of September 15, 1973.  No claim was made to the exclusive right to use "DJ" apart from the mark as shown.

25.     In fact, Lis appeared at the Cool Moose Café under the name or mark, "COUSIN PAULIE," from 1990-2000.  Under Cousin Paul's Trippy Chat Room of www.coolmoose.com, Lis is repeatedly referred to as Cousin Paulie or "Cousin (It's in the Van) Paulie."  In addition, Facebook pages depict photographs of Cool Moose Café patrons posing with "Cousin Paulie."

26.     On or about February 12, 1997, Lis filed a voluntary petition for no asset Chapter 7 bankruptcy.

27.     Upon information and belief, on or about June 28, 1999 Lis created a domain name www.djpaulie.com with an administrative contact email address of talentntwrk@aol.com, which is an email address for Talent Network, LLC, a company specializing in talent agencies and casting services.

28.     Upon information and belief, Talent Network, LLC first began to use the website www.djpaulie.com in relation to Talent Network, LLC on or about June 23, 2003.

29.     Upon information and belief, prior to June 23, 2003, the mark DJ PAULIE was not used in commerce to reference Lis on the website www.djpaulie.com.

30.     Upon information and belief, prior to May 1, 2008, www.djpaulie.com was last updated sometime in 2004.

31.     Upon information and belief, Lis did not use the mark DJ Paulie in connection with entertainment services in the nature of disc jockey services for a period of at least three

years prior to the filing of the Second Lis Application on May 1, 2008.

**Lis' Purported Rights in Reg. No. 3,850,538 for DJ Paulie's Wordwide Countdown**

32.     Upon information and belief, on or about January 26, 2008, Lis created the domain name www.youshook.com.

33.     Upon information and belief, Lis and DJ Paulie Broadcasting LLC currently play music created by other musical artists on the www.youshook.com website under the trademark Youshook®.

34.     On May 1, 2008, Lis filed an intent-to-use application in the USPTO for the mark, Youshook.

35.     On June 30, 2010, Lis submitted to the USPTO a Statement of Use and specimen for Youshook that he described as "scanned pages of an advertising booklet for prospective advertisers." On the specimen, Lis claims that "YouShook™ is currently ranked in the top 1% of all websites throughout the world". In addition, the specimen discloses "What is YouShook™.com experience?" to include "Tomorrow's hottest music from around the world, showcased on YouShook™'s exclusive Worldwide Countdown Show™, a trademark weekly program that draws an international audience." (A true copy of the referenced specimen is attached hereto as Exhibit C.)

36.     Today, Lis owns United States Trademark Registration No. 3,941,082 for the mark Youshook® with a claimed date of first use of April 10, 2007.

37.     Against this backdrop, also on May 1, 2008, Lis filed a intent-to-use trademark application in the USPTO under Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b), to register the mark DJ Paulie's Worldwide Countdown, for entertainment services in the nature of disc

jockey services in International Class 041 (the "Third Lis Application"). A true and accurate copy of the Third Lis Application dated May 1, 2008 is attached hereto as <u>Exhibit D</u>.

38. On August 18, 2008, during the prosecution of the Third Lis Application, the USPTO issued an Office Action to Lis. In the Office Action, the Examining Attorney required, among other things, that Lis disclaim "DJ" and "Worldwide Countdown."

39. On February 17, 2009, Lis submitted a disclaimer of "DJ" and "Worldwide Countdown." The Examining Attorney accepted the disclaimer.

40. On January 19, 2010, a Notice of Allowance issued for the Third Lis Application. On July 12, 2010, Lis filed a Statement of Use and a specimen (the "Specimen") under Section 1(a) of the Lanham Act, 15 U.S.C. §1051(a), with a claimed first use in commerce date of April 23, 2006. A true copy of the Statement of Use and the Specimen is attached hereto as <u>Exhibit E</u>.

41. Lis represented to the USPTO that the Specimen is an "advertisement for sponsorship positions." <u>Exh. E</u>. The Specimen is an undated website snapshot taken from Lis' website, http://www.youshook.com.

42. Lis submitted the Specimen to support his application for registration of DJ Paulie's Worldwide Countdown, which claims a 2006 date of first use. The Specimen, however, contains the Youshook mark and is, upon information and belief, generated from the <u>www.youshook.com</u> website. Upon information and belief, the <u>www.youshook.com</u> website did not exist until 2008, Lis did not file the intent-to-use application for Youshook until 2008, and Lis claims that he first used Youshook in commerce in 2007, each of which is inconsistent with Lis's use of the Specimen to support a 2006 date of first use.

43. Upon information and belief, Lis manufactured the Specimen for the Third Lis Application by changing the wording on the website, <u>www.youshook.com,</u> to gain allowance of

15

the DJ Paulie's Worldwide Countdown application. Accordingly, the Specimen in the Third Lis Application is improper and fails to support the required bona fide use of the mark DJ Paulie's Worldwide Countdown.

44. Today, Lis purports to own U.S. Trademark Registration No. 3,850,538 for the mark DJ Paulie's Worldwide Countdown covering "entertainment services in the nature of disc jockey services" in International Class 041, with a registration date of September 21, 2010 and a claimed first use in commerce date of April 23, 2006.

45. Lis committed fraud upon the USPTO in procuring the Third Lis Application by knowingly submitting an inappropriate trademark use specimen intending to deceive the USPTO.

## COUNT I
## Cancellation of Mark under §§ 15 U.S.C. 1119, 1164(3) [Fraud on the USPTO]

46. DelVecchio repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

47. In his submission seeking federal registration of the DJ PAULIE trademark, Lis made incomplete, misleading and fraudulent assertions that he knew to be false.

48. These false assertions were material to the USPTO's decision to register the DJ PAULIE trademark.

49. DelVecchio is being and will continue to be damaged by Lis's continued registration of the DJ PAULIE trademark, as the registration forms the basis for Lis's meritless claims of, among other things, infringement, dilution and unfair competition, and because such registrations form the basis for Lis's publicity campaign maligning DelVecchio's reputation.

50. In light of the foregoing, the Court should declare Lis's purported trademark invalid and cancelled pursuant to 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. §§ 1119 and 1064.

## COUNT II
### Cancellation of Mark under §§ 15 U.S.C. 1119, 1164(3) [Fraud on the USPTO]

51. DelVecchio repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

52. In his submission seeking federal registration of the DJ PAULIE'S WORLDWIDE COUNTDOWN trademark, Lis made incomplete, misleading and fraudulent assertions that he knew to be false.

53. These false assertions were material to the USPTO's decision to register the DJ PAULIE'S WORLDWIDE COUNTDOWN trademark.

54. DelVecchio is being and will continue to be damaged by Lis's continued registration of the DJ PAULIE'S WORLDWIDE COUNTDOWN trademark, as the registration forms the basis for Lis's meritless claims of, among other things, infringement, dilution and unfair competition, and because such registrations form the basis for Lis's publicity campaign maligning DelVecchio's reputation.

55. In light of the foregoing, the Court should declare Lis's purported trademark invalid and cancelled pursuant to 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. §§ 1119 and 1064.

## COUNT III
### Abandonment

56. DelVecchio repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

57. Upon information and belief, Lis ceased using DJ PAULIE and DJ PAULIE'S WORLDWIDE COUNTDOWN in commerce in connection with "entertainment services in the nature of disc jockey services" for at least three consecutive years prior without an intention to resume use of the marks in the reasonably foreseeable future.

58. In light of the foregoing, the Court should declare Lis's purported trademark abandoned and cancelled pursuant to 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. §§ 1119 and 1064.

## COUNT IV
### Petition for Declaration of Priority Under 15 U.S.C. §1052(d)

59. DelVecchio repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

60. Upon information and belief, Lis advanced first dates of use in commerce to the USPTO for Reg. No. 3,850,538 for DJ Paulie's Worldwide Countdown (April 23, 2006), that are fraudulent and inaccurate.

61. DelVecchio's first date of use in commerce of the trademark DJ PAULY D is at least 1996, which predates Lis's claimed first use of DJ PAULIE'S WORLDWIDE COUNTDOWN.

62. Accordingly, DelVecchio's DJ PAULY D trademark should be declared to have priority over Lis' DJ PAULIE'S WORLDWIDE COUNTDOWN and Reg. No. 3,850,538 should be cancelled.

**WHEREFORE**, Paul DelVecchio, Jr. respectfully requests that judgment be entered in favor of DelVecchio:

A. Dismissing Plaintiffs' Complaint in its entirety with prejudice;

B. Sustaining DelVecchio's counterclaims and cancelling Reg. Nos. 3,735,730 and 3,850,538 for DJ Paulie and DJ Paulie's Worldwide Countdown, respectively;

C. Awarding compensatory damages in an amount proven at trial;

D. Awarding costs of this action and disbursements, including reasonable attorneys' fees and investigatory fees included herein, pursuant to 15 U.S.C. § 1117; and

E.  Awarding DelVecchio such other and further equitable or legal relief as the Court deems just and proper.

## JURY DEMAND

Defendant, Paul DelVecchio, Jr. demands trial by jury on all issues so triable in this action.

Respectfully submitted,

PAUL DELVECCHIO, JR.

By his attorneys


/s/ Erik H. Beard
Robert M. Langer (ct06305)
Erik H. Beard (ct26941)
WIGGIN AND DANA LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 297-3700 (phone)
(860) 525-9380 (fax)
rlanger@wiggin.com
ebeard@wiggin.com

Of Counsel:

Craig M. Scott (phv04929)
Christine K. Bush (phv04930)
Scott & Bush Ltd.
30 Kennedy Plaza, Fourth Floor
Providence, RI 02903
(401) 865-6035 (phone)
(401) 865-6039 (fax)
cscott@scottbushlaw.com
cbush@scottbushlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on September 2, 2011, a copy of the foregoing Answer and Counterclaims of Defendant, Paul DelVecchio Jr. was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                /s/ Erik H. Beard
                Erik H. Beard (ct26941)
                WIGGIN AND DANA LLP
                CityPlace I
                185 Asylum Street
                Hartford, CT 06103
                (860) 297-3700 (phone)
                (860) 525-9380 (fax)
                ebeard@wiggin.com

22346\1\2595671.2