| | |
|---|---|
| PAUL LIS and<br>DJ PAULIE BROADCASTING LLC, | CIVIL ACTION NO: 3:11-cv-01057(AWT) |
| Plaintiffs, | |
| v. | |
| PAUL DELVECHHIO, JR.,<br>495 PRODUCTIONS, VIACOM, INC.,<br>UMG RECORDINGS, INC., FIESTA<br>PALMS, LLC, BASKIN-ROBBINS, INC.,<br>HEARST COMMUNICATIONS, INC.,<br>ROOM960 LLC, and JOHN DOE(S) 1-999 | |
| Defendants | SEPTEMBER 12, 2011 |

## ANSWER OF DEFENDANT VIACOM MEDIA NETWORKS

Defendant Viacom Media Networks, a division of Viacom International Inc. ("Viacom"), named here in as Viacom Inc. d/b/a/ MTV Networks, by and through its undersigned attorneys, Davis Wright Tremaine LLP and McCarter & English, LLP, hereby answers the Complaint of Plaintiffs Paul Lis and DJ Paulie Broadcasting LLC ("Plaintiffs"), as follows:

### NATURE OF THE ACTION

1. To the extent the allegations of paragraph 1 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

### PARTIES

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 2 and therefore denies the same.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 3 and therefore denies the same.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 4 and therefore denies the same, except admits, on information and belief, that Paul Delvecchio, Jr. is a citizen of the State of Rhode Island.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 5 and therefore denies the same, except admits, upon information and belief, that 495 Productions has its principal place of business in California.

6. Admitted.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 7 and therefore denies the same.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 8 and therefore denies the same.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 9 and therefore denies the same.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 10 and therefore denies the same.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 11 and therefore denies the same.

12. To the extent the allegations of paragraph 12 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## JURISDICTION

13. To the extent the allegations of paragraph 13 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

14. To the extent the allegations of paragraph 14 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

15. To the extent the allegations of paragraph 15 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

16. To the extent the allegations of paragraph 16 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

17. To the extent the allegations of paragraph 17 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof, except admits that Viacom does business in this District.

## VENUE

18. To the extent the allegations of paragraph 18 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## **GENERAL ALLEGATIONS**

19. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19 and therefore denies the same.

   a. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(a) and therefore denies the same.

   b. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(b) and therefore denies the same, except refers to Exhibit A for a true and complete statement of the contents thereof.

   c. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(c) and therefore denies the same.

   d. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(d) and therefore denies the same.

   e. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(e) and therefore denies the same, except refers to Exhibits B and C for a true and complete statement of the contents thereof.

   f. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(f) and therefore denies the same.

   g. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(g), and therefore denies the same.

   h. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(h) and therefore denies the same.

   i. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(i) and therefore denies the same.

    j.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(j) and therefore denies the same.

    k.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19(k) and therefore denies the same, except refers to Exhibits D, E and F for a true and complete statement of the contents thereof.

20.  To the extent the allegations of paragraph 20 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, lacks knowledge or information sufficient to form a belief as to the truth of the allegations thereof and therefore denies the same, except refers to Exhibit G for a true and complete statement of the contents thereof.

21.  To the extent the allegations of paragraph 21 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies the same.

22.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies the same, except refers to Exhibit H for a true and complete statement of the contents thereof.

23.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies the same, except refers to Exhibit I for a true and complete statement of the contents thereof.

24.  Denies each and every allegations of paragraph 24, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs'

expenditures and therefore denies the same, and except refers to the exhibits referenced therein for a true and complete statement of the contents thereof.

25. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies the same.

26. Denies each and every allegations of paragraph 26, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' expenditures for advertising and promotion and therefore denies the same.

27. Denies each and every allegation of paragraph 27, except lacks knowledge or information sufficient to form a belief as to the truth of those allegations with respect to all other defendants and therefore denies the same.

28. Denies each and every allegation of paragraph 28, except admits that Viacom airs a reality television series titled "Jersey Shore", produced by 495 Productions and featuring Paul Delvecchio, Jr. performing or promoting himself as a disc jockey under the name and moniker "DJ Pauly D", except lacks knowledge of the allegations regarding Plaintiffs' reputation and therefore denies the same, and refers to Exhibit J for a true and complete statement of the contents thereof.

29. Denies each and every allegations of paragraph 29, except admits the Jersey Shore show aired to a national audience in late 2009 and except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the impact thereof on Plaintiffs' internet ranking and therefore denies the same.

30. Denies each and every allegation of paragraph 30.

31. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies the same.

ME1 12239425v.2

32. Denies each and every allegations of paragraph 32, except admits that a counsel for Plaintiffs contacted an Viacom representative in early March 2010.

33. To the extent the allegations of paragraph 33 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof, except refers to Exhibit K for a true and complete statement of the contents thereof.

34. Denies each and every allegations of paragraph 34, except refers to Exhibits L, M, N. O, P and Q for a true and complete statement of the contents thereof.

35. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies the same, except refers to Exhibits R and S for a true and complete statement of the contents thereof.

36. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies the same.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies the same, except refers to Exhibit T for a true and complete statement of the contents thereof.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies the same, except refers to Exhibit U for a true and complete statement of the contents thereof.

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies the same, except refers to Exhibit V for a true and complete statement of the contents thereof.

40. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies the same, except refers to Exhibit W for a true and complete statement of the contents thereof.

## FIRST CLAIM FOR RELIEF

**(Alleged Violation of 15 U.S.C. § 1051 et seq – Lanham Act Trademark Infringement)**

41. Viacom repeats and realleges each of its prior responses to paragraphs 1 through and including 40 set forth hereinabove, each as if the same were fully set forth herein.

42. To the extent the allegations of paragraph 42 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

43. To the extent the allegations of paragraph 43 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

44. To the extent the allegations of paragraph 44 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

45. To the extent the allegations of paragraph 45 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof, except lacks knowledge as to the truth or falsity of the allegations regarding Plaintiffs' investment expenditures and therefore denies the same.

46. To the extent the allegations of paragraph 46 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are

deemed to be allegations of fact, denies each and every allegations thereof, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff has expended sums of money to attempt to establish a new internet radio brand and therefore denies the same.

47. To the extent the allegations of paragraph 47 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

## SECOND CLAIM FOR RELIEF

### (Alleged Violation of 15 U.S.C. § 1125 – Lanham Act Trademark Diluation)

48. Viacom respectfully repeats and realleges each of its prior responses to paragraphs 1 through and including 47 set forth hereinabove, each as if the same were fully set forth herein.

49. To the extent the allegations of paragraph 49 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

50. To the extent the allegations of paragraph 50 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof, except admits that Viacom has used the name D.J. Pauly D. on merchandise sold in interstate commerce.

51. To the extent the allegations of paragraph 51 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

52. To the extent the allegations of paragraph 52 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

53. To the extent the allegations of paragraph 53 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

### THIRD CLAIM FOR RELIEF

(Alleged Violation of 15 U.S.C. § 1125(a) – Federal Unfair Competition)

54. Viacom respectfully repeats and realleges each of its prior responses to paragraphs 1 through and including 53 set forth hereinabove, each as if the same were fully set forth herein

55. To the extent the allegations of paragraph 55 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

56. To the extent the allegations of paragraph 56 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

57. To the extent the allegations of paragraph 57 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

ME1 12239425v.2

## FOURTH CLAIM FOR RELIEF

### (Alleged Unfair Competition by Infringement of Common Law Rights)

58. Viacom respectfully repeats and realleges each of its prior responses to paragraphs 1 through and including 57 set forth hereinabove, each as if the same were fully set forth herein.

59. To the extent the allegations of paragraph 59 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

60. To the extent the allegations of paragraph 60 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof, except lacks knowledge as to the truth of the allegations regarding Plaintiffs' print and broadcast advertising and therefore denies the same.

61. To the extent the allegations of paragraph 61 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

## FIFTH CLAIM FOR RELIEF

### (Alleged Violation of Connecticut Unfair Trade Practices Act – Conn. Rev. Stat. 42 § 110a *et seq.*)

62. Viacom respectfully repeats and realleges each of its prior responses to paragraphs 1 through and including 61 set forth hereinabove, each as if the same were fully set forth herein.

ME1 12239425v.2

63. To the extent the allegations of paragraph 63 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

64. To the extent the allegations of paragraph 64 (a) – (d) are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

65. To the extent the allegations of paragraph 65 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

66. To the extent the allegations of paragraph 66 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

67. To the extent the allegations of paragraph 67 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

## ALLEGATION OF DAMAGES

68. To the extent the allegations of paragraph 68 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

69. To the extent the allegations of paragraph 69 are deemed to be allegations of law, Viacom is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegations thereof.

ME1 12239425v.2

70. Each and every allegation contained in the Complaint not specifically admitted herein is denied.

71. To the extent that the headings contained in the Complaint constitute allegations, such allegations are denied.

With respect to the Wherefore clause in the Complaint, Viacom denies that Plaintiffs are entitled to any relief, including a permanent injunction, a judgment against Viacom, damages, full costs, attorneys' fees, or any other relief.

## DEFENSES

By alleging the Defenses set forth below, Viacom is not in any way acknowledging or conceding that it has the burden of proof for any issue as to which applicable law places the burden on Plaintiffs.

### FIRST DEFENSE

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

3. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH DEFENSE

4. The Complaint is barred, in whole or in part, by the doctrine of waiver.

ME1 12239425v.2

### FIFTH DEFENSE

5. The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### SIXTH DEFENSE

6. The Complaint is barred, in whole or in part, by the doctrine of laches.

### SEVENTH DEFENSE

7. The Complaint is barred, in whole or in part, by the doctrines of ratification and/or acquiescence.

### EIGHTH DEFENSE

8. There is no likelihood of confusion between Plaintiffs' alleged marks and any mark(s) used by Viacom.

### NINTH DEFENSE

9. There is no likelihood of dilution of Plaintiffs' alleged marks by reason of any mark used by Viacom.

### TENTH DEFENSE

10. Plaintiffs' alleged marks are descriptive and have not acquired secondary meaning, and are therefore not valid and protectible trademarks.

### ELEVENTH DEFENSE

11. Plaintiffs' alleged marks are generic and are therefore not valid and protectable trademarks.

### TWELFTH DEFENSE

12. Plaintiffs' alleged marks have neither inherent nor acquired distinctiveness.

### THIRTEENTH DEFENSE

13. Plaintiffs' claims fail, in whole or in part, because Viacom's use of the name and moniker D.J. Pauly D. does not constitute a trademark or commercial use.

### FOURTEENTH DEFENSE

14. Defendant Paul Delvecchio has the right to use his personal name in business and commerce pursuant to 15 U.S.C.A §1115(b)(4) and under the common law, and Viacom has used his name with his authority and in that connection only.

### FIFTEENTH DEFENSE

15. Upon information and belief, assuming *arguendo* that Plaintiffs' alleged marks are entitled to protection, defendant Paul Delvecchio has priority of use in interstate commerce of the name D.J. Pauly D. and Plaintiffs are therefore precluded from use of any confusingly similar moniker.

### SIXTEENTH DEFENSE

16. Plaintiffs' claim of dilution fails because Plaintiffs' alleged marks are not "famous" as defined under the statute.

### SEVENTEENTH DEFENSE

17. Viacom has not engaged in any acts or practices that are unfair, deceptive, untrue, or misleading.

### EIGHTEENTH DEFENSE

18. Plaintiffs' claims fail, in whole or in part, because any alleged infringement by Viacom was innocent and unintentional, and thus does not warrant the relief demanded, including without limitation treble, exemplary, statutory, or punitive damages, an accounting of profits, or an award of attorneys' fees and costs.

### NINETEENTH DEFENSE

19. Plaintiffs' damages, if any, were caused in whole or in part by the conduct of third parties, over whom Viacom has no control.

### TWENTIETH DEFENSE

20. Plaintiffs have failed to mitigate their damages, if any, and, as a consequence thereof, are not entitled to recover same.

WHEREFORE, Viacom respectfully requests that this Court:

(1) Dismiss the complaint in its entirety with prejudice and enter judgment thereupon in favor of Viacom;

(2) Deny all relief sought by Plaintiffs in the complaint;

(3) Award Viacom its attorneys' fees, costs, and disbursements incurred in defending this action; and

(4) Grant Viacom such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
VIACOM MEDIA NETWORKS

BY ITS ATTORNEYS

By: _____
Lee Friend Lizotte (ct27428)
McCarter & English LLP
City Place I
185 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 275-6700
Facsimile: (860) 724-3397
llizotte@mccarter.com

Of Counsel:

Marcia B. Paul (phv admission pending)
Deborah A. Adler (phv admission pending)
Davis Wright Tremaine LLP
1633 Broadway, 27th Floor
New York, NY 10019
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
marciapaul@cdwt.com
deborahadler@dwt.com

ME1 12239425v.2

## CERTIFICATE OF SERVICE

I certify that on September 12, 2011, a copy of the foregoing document was filed with the Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Lee Friend Lizotte

ME1 12239425v.2