UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL LIS and<br>DJ PAULIE BROADCASTING LLC<br><br>    Plaintiffs,<br><br>v.<br><br>PAUL DELVECCHIO, JR;<br>495 PRODUCTIONS; VIACOM, INC;<br>UMG RECORDINGS, INC.; FIESTA<br>PALMS LLC d/b/a Palms Casino<br>Resort; BASKIN-ROBBINS, INC.;<br>HEARST COMMUNICATIONS, INC.;<br>ROOM960 LLC; and<br>JOHN DOE(S) 1-999<br>    Defendants | C.A. NO. 3:11cv01057 (AWT)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>SEPTEMBER 22, 2011 |

## ANSWER OF DEFENDANT BASKIN ROBBINS, INC.

Defendant, Baskin-Robbins, Inc. ("BR") answers the Complaint of Plaintiffs, Paul Lis and DJ Paulie Broadcasting LLC (collectively, "Plaintiffs"), as follows:

### NATURE OF THE ACTION

1.  BR admits that this action purports to arise under the trademark laws of the United States and Connecticut statutory law, but otherwise denies the remaining allegations contained in paragraph 1 of the Complaint.

### PARTIES

2.  BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the same.

3.  BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the same.

4. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies the same.

5. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies the same.

6. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. Admit.

10. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

11. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same.

12. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same.

## JURISDICTION

13. BR admits that this action purports to arise under the trademark laws of the United States, but otherwise denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

15. Paragraph 15 contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

16. Paragraph 16 contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

17. Deny.

## VENUE

18. Paragraph 18 contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

## GENERAL ALLEGATIONS

### DJ PAULIE and Marks

19. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, or any of its subparts, and, therefore, denies the same.

20. BR admits that Exhibit G to the Complaint appears to be a photocopy of a registration and, further, that the registration speaks for itself, but otherwise is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the same.

21. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies the same.

22. BR admits that Exhibit H to the Complaint appears to be a photocopy of a registration and, further, that the registration speaks for itself, but otherwise is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies the same.

23. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies the same.

24. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies the same.

25. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies the same.

26. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies the same.

### Defendants' Alleged Willful Infringement of the DJ Paulie Marks And Irreparable Harm to the Plaintiffs

27. Deny.

28. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, which are not directed to BR, and, therefore, denies the same.

29. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, which are not directed to BR, and, therefore, denies the same.

30. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, which are not directed to BR, and, therefore, denies the same.

31. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies the same.

32. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies the same.

33. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the same.

34. Deny.

35. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, which are not directed to BR, and, therefore, denies the same.

36. Deny.

37. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, which are not directed to BR, and, therefore, denies the same.

38. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, which are not directed to BR, and, therefore, denies the same.

39. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies the same.

40. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies the same.

**FIRST CLAIM FOR RELIEF**
**(Violation of 15 U.S.C. § 1051 et seq. – Lanham Act Trademark Infringement)**

41. BR repeats and realleges its responses to paragraphs 1-40 as if fully set forth herein.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

## SECOND CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1125 – Lanham Act Trademark Dilution)

48. BR repeats and realleges its responses to paragraphs 1-47 as if fully set forth herein.

49. BR is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies the same.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

## THIRD CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1125(a) – Federal Unfair Competition)

54. BR repeats and realleges its responses to paragraphs 1-53 as if fully set forth herein.

55. Paragraph 55 contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

56. Deny.

57. Deny.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition by Infringement of Common Law Rights)

58. BR repeats and realleges its responses to paragraphs 1-57 as if fully set forth herein.

59. Deny.

60. Deny.

61. Paragraph 61 contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

### FIFTH CLAIM FOR RELIEF
### (Violation of Connecticut Unfair Trade Practices Act – Conn. Gen. Stat. § 42-110a et seq.)

62. BR repeats and realleges its responses to paragraphs 1-61 as if fully set forth herein.

63. Paragraph 63 contains a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

### ALLEGATION OF DAMAGES

68. Deny.

69. Deny.

BR denies that Plaintiffs are entitled to the relief sought in the Wherefore clause that follows paragraph 69 of their Complaint.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims and requests for relief are barred by the doctrine of waiver.

## THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

Plaintiffs failed to mitigate their alleged damages.

## SIXTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because the identified use of the name and moniker DJ Pauly D does not constitute a trademark or commercial use.

## SEVENTH DEFENSE

Defendant Paul DelVecchio has the right to use his personal name in business and commerce, and his name was used with his authority and in that connection only.

**WHEREFORE**, Baskin-Robbins, Inc. respectfully requests that judgment be entered in its favor:

    A.    Dismissing Plaintiffs' Complaint in its entirety with prejudice;

    B.    Awarding costs of this action and disbursements, including reasonable attorneys' fees and investigatory fees in defending this action; and

    C.    Awarding BR such other and further equitable or legal relief as the Court deems just and proper.

## JURY DEMAND

Defendant, Baskin-Robbins, Inc. demands trial by jury on all issues so triable in this action.

                                        Respectfully submitted,

                                        BASKIN-ROBBINS, INC.

                                        By its attorneys

                                        /s/ Erik H. Beard
                                        Robert M. Langer (ct06305)
                                        Erik H. Beard (ct26941)
                                        WIGGIN AND DANA LLP
                                        CityPlace I
                                        185 Asylum Street
                                        Hartford, CT 06103
                                        (860) 297-3700 (phone)
                                        (860) 525-9380 (fax)
                                        rlanger@wiggin.com
                                        ebeard@wiggin.com

                                        Craig M. Scott (phv04929)
                                        Christine K. Bush (phv04930)
                                        Scott & Bush Ltd.
                                        30 Kennedy Plaza, Fourth Floor
                                        Providence, RI 02903
                                        (401) 865-6035 (phone)
                                        (401) 865-6039 (fax)
                                        cscott@scottbushlaw.com
                                        cbush@scottbushlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the within *Answer* was filed through the ECF system on the 22nd day of September, 2011, and will be sent electronically to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Erik H. Beard
_____

Erik H. Beard (ct26941)
WIGGIN AND DANA LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 297-3700 (phone)
(860) 525-9380 (fax)
ebeard@wiggin.com

22346\1\2603320.1