UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL LIS and DJ PAULIE BROADCASTING LLC, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Case No. 11-cv-1057 (AWT) |
| v. | ) |
| PAUL DELVECCHIO, JR., 495 PRODUCTIONS, VIACOM, INC., UMG RECORDINGS, INC., FIESTA PALMS, LLC, BASKIN ROBINS, INC., HEARST COMMUNICATIONS, INC., ROOM960 LLC,  and JOHN DOE(S) 1-999, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HEARST COMMUNICATIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Hearst Communications, Inc. ("Hearst"), by and through its undersigned counsel, hereby answers Plaintiffs' the Complaint of Paul Lis and DJ Paulie Broadcasting LLC (collectively, "Plaintiffs"), as follows:

Special defenses are included herein.  All allegations of the Petition are denied except as specifically admitted herein.  Moreover, Hearst denies any and all allegations contained in headings or in unnumbered paragraphs of the Petition.  The paragraphs of this Answer correspond to the numerical paragraphs of the Petition, except for the defenses at the end.

## NATURE OF THE ACTION

1. Hearst admits that this action purports to arise under the trademark laws of the United States and Connecticut statutory and common law, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and therefore denies them.

3. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies them.

4. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and therefore denies them.

5. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

6. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies them.

7. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

8. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10. Hearst admits that Hearst Communications, Inc. is a Delaware Corporation whose principal office or place of business is 300 West 57th Street, 38th Floor, New York, New York

10019, and is the record owner of the brand, print publication, and website COSMOPOLITAN, along with U.S. Trademark Registration No. 3,761,242 and others. Hearst denies all other allegations contained in Paragraph 10.

11. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

## JURISDICTION

13. Hearst admits that this action purports to arise under the trademark laws of the United States, but otherwise denies the remaining allegations contained in Paragraph 13.

14. The allegations in Paragraph 14 assert legal conclusions to which no response is required. To the extent that a response is required, Hearst denies the allegations in Paragraph 14.

15. The allegations in Paragraph 15 assert legal conclusions to which no response is required. To the extent that a response is required, Hearst denies the allegations in Paragraph 15.

16. The allegations in Paragraph 16 assert legal conclusions to which no response is required. To the extent that a response is required, Hearst denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 assert legal conclusions to which no response is required. To the extent that a response is required, Hearst denies the allegations in Paragraph 17.

## VENUE

18. The allegations in Paragraph 18 assert legal conclusions to which no response is required. To the extent that a response is required, Hearst denies the allegations in Paragraph 18.

## GENERAL ALLEGATIONS

### DJ Paulie and Marks

19. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

20. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them, except admits that exhibit G to the complaint appears to be a photocopy of a registration, and further that the registration speaks for itself.

21. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them, except admits that exhibit H to the complaint appears to be a photocopy of a registration, and further that the registration speaks for itself.

23. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

24. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25. Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26. Deny.

**Defendants' Willful Infringement of the DJ Paulie Marks**

**And Irreparable Harm to the Plaintiffs**

27.     To the extent that the allegations in Paragraph 27 refer to entities other than Hearst, Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.  To the extent that the allegations in Paragraph 27 refer to Hearst, Hearst denies them.

28.     Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

29.     Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies them.

30.     Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies them.

31.     Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies them.

32.     Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies them.

33.     Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies them.

34.     To the extent that the allegations in Paragraph 34 refer to entities other than Hearst, Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.  To the extent that the allegations in Paragraph 34 refer to Hearst, Hearst denies them.

35. To the extent that the allegations in Paragraph 35 refer to entities other than Hearst, Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them. To the extent that the allegations in Paragraph 35 refer to Hearst, Hearst denies them.

36. To the extent that the allegations in Paragraph 36 refer to entities other than Hearst, Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them. To the extent that the allegations in Paragraph 36 refer to Hearst, Hearst denies them.

37. Hearst admits that it advertises, promotes and sells its iPad COSMO app through its print, website, and media outlets under the brand COSMOPOLITAN, but otherwise denies the remaining allegations in Paragraph 37.

38. To the extent that the allegations in Paragraph 38 refer to entities other than Hearst, Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them. To the extent that the allegations in Paragraph 38 refer to Hearst, Hearst denies them.

39. To the extent that the allegations in Paragraph 39 refer to entities other than Hearst, Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them, except admits that exhibit V to the complaint appears to be a photocopy of office action refusals and further that those refusals speak for themselves.

40. To the extent that the allegations in Paragraph 40 refer to entities other than Hearst, Hearst lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them, except admits that exhibit W to the complaint appears to be a photocopy of office action refusals and further that those refusals speak for themselves.

## FIRST CLAIM FOR RELIEF

**(Violation of 15 U.S.C. § 1051 et seq. – Lanham Act Trademark Infringement)**

41. In response to paragraph 41, Hearst repeats and incorporates by reference its responses to Paragraphs 1 through 40 as if the same were set forth fully herein.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

## SECOND CLAIM FOR RELIEF

**(Violation of 15 U.S.C. § 1125 – Lanham Act Trademark Dilution)**

48. In response to paragraph 48, Hearst repeats and incorporates by reference its responses to Paragraphs 1 through 47 as if the same were set forth fully herein.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

## THIRD CLAIM FOR RELIEF

**(Violation of 15 U.S.C. § 1125(a) – Federal Unfair Competition)**

54. In response to paragraph 54, Hearst repeats and incorporates by reference its responses to Paragraphs 1 through 53 as if the same were set forth fully herein.

55. Deny.

56. Deny.

57. Deny.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition by Infringement of Common Law Rights)

58. In response to paragraph 58, Hearst repeats and incorporates by reference its responses to Paragraphs 1 through 57 as if the same were set forth fully herein.

59. Deny.

60. Deny.

61. The allegations in Paragraph 61 assert legal conclusions to which no response is required. To the extent that a response is required, Hearst denies the allegations in Paragraph 61.

## FIFTH CLAIM FOR RELIEF

**(Violation of Connecticut Unfair Trade Practices Act – Conn. Rev. Stat. 42 §110a et seq.)**

62. In response to paragraph 62, Hearst repeats and incorporates by reference its responses to Paragraphs 1 through 61 as if the same were set forth fully herein.

63. The allegations in Paragraph 63 assert legal conclusions to which no response is required. To the extent that a response is required, Hearst denies the allegations in Paragraph 63.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

## ALLEGATIONS OF DAMAGES

68. Deny.

69. Deny.

No response is required to the "Wherefore" clause that follows Paragraph 69 of the Complaint. To the extent that a response is required, Hearst denies that Plaintiffs are entitled to any relief.

## JURY DEMAND

No response is required to the "Jury Demand" clause.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Hearst asserts the following separate and affirmative defenses to the Complaint:

**1.     First Affirmative Defense**

Plaintiffs' Complaint, and each and every count therein, fail to state a cause of action or claim upon which relief can be granted.

**2.     Second Affirmative Defense**

Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or statutes of repose.

**3.     Third Affirmative Defense.**

Plaintiffs' claims are barred, in whole or in part, by laches, waiver, estoppel and/or unclean hands.

4.      **Fourth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Hearst's alleged statements, actions, or omissions were not the proximate cause of any alleged injuries sustained by the Plaintiffs.

5.      **Fifth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs, if any, were the result of their own conduct or intervening or superseding acts or omissions of third parties.

6.      **Sixth Affirmative Defense**

Plaintiffs' claims against Hearst for damages are barred, in whole or in part, because the Plaintiffs failed to mitigate and/or neglected to minimize its damages, and its failure to mitigate damages should proportionately reduce its recovery and the allocation of any fault, if any exists, attributable to Hearst.

7.      **Seventh Affirmative Defense**

Any damages recovered by Plaintiffs must be limited by the applicable statutory ceilings on recoverable damages.

8.      **Eighth Affirmative Defense**

Plaintiffs' claims fail, in whole or in part, because any alleged infringement by Hearst was innocent and unintentional, and thus does not warrant the relief demanded, including without limitation treble, exemplary, statutory, or punitive damages, an accounting of profits, or an award of attorneys' fees and costs.

**9.     Ninth Affirmative Defense**

Plaintiffs cannot show irreparable injury, and therefore are not entitled to any injunctive relief.

**10.    Tenth Affirmative Defense**

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of ratification and/or acquiescence.

**11.    Eleventh Affirmative Defense**

There is no likelihood of confusion between Plaintiffs' alleged marks and any mark(s) used by Hearst.

**12.    Twelfth Affirmative Defense**

There is no likelihood of dilution of Plaintiffs' alleged marks by reason of any mark(s) used by Hearst.

**13.    Thirteenth Affirmative Defense**

Plaintiffs' alleged marks are descriptive and have no acquired secondary meaning, and are therefore not valid and protectable trademarks.

**14.    Fourteenth Affirmative Defense**

Plaintiffs' alleged marks are generic and are therefore not valid and protectable trademarks.

**15.    Fifteenth Affirmative Defense**

Plaintiffs' alleged marks have neither inherent nor acquired distinctiveness.

**16.    Sixteenth Affirmative Defense**

Plaintiffs' claims fail, in whole or in part, because Hearst's use of the name and moniker D.J. Pauly D. does not constitute a trademark or commercial use.

**17.     Seventeenth Affirmative Defense**

Defendant Paul Delvecchio has the right to use his personal name in business and commerce pursuant to 15 U.S.C.A. Sec. 1115(b)(4) and under the common law, and Hearst has used his name with his authority and in that connection only.

**18.     Eighteenth Affirmative Defense**

Upon information and belief, assuming *arguendo* that Plaintiffs' alleged marks are entitled to protection, defendant Paul Delvecchio has priority of use in interstate commerce of the name D.J. Pauly D. and Plaintiffs are therefore precluded from use of any confusingly similar moniker.

**19.     Nineteenth Affirmative Defense**

Plaintiffs' claim of dilution fails because Plaintiffs' alleged marks are not "famous" as defined under the statute.

**20.     Twentieth Affirmative Defense**

Hearst has not engaged in any acts or practices that are unfair, deceptive, untrue, or misleading.

**21.     Twenty-First Affirmative Defense**

Plaintiffs' damages, if any, were caused in whole or in part by the conduct of third parties, over whom Hearst has no control.

**22.     Twenty-Second Affirmative Defense**

Any use of Plaintiffs' alleged marks constituted fair use including nominal fair use.

**23.     Twenty-Third Affirmative Defense**

Plaintiffs' claims fail in whole or in part, to the extent that Plaintiffs' trademark registrations were obtained by fraud or are otherwise invalid.

Hearst reserves the right to amend its answer to assert additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims asserted in the Petition.  These additional defenses cannot be asserted at this time because of the lack of detail in the Complaint concerning Plaintiffs' claims.

WHEREFORE, Hearst prays for judgment:

    (i)    dismissing the Complaint in its entirety with prejudice and entering judgment in favor of Hearst against the Plaintiffs;

    (ii)    awarding Hearst costs and fees incurred in this action; and

    (iii)    granting Hearst such other and further relief as the Court may deem just and proper.

Dated:  September 23, 2011        Respectfully submitted,

    /s/ Cameron Stracher
Cameron Stracher (ct28146)
4 North Pasture Rd.
Westport, CT 06880
(203) 222-7169 (phone & fax)
Email: cam@stracherlaw.com

**ATTORNEY FOR DEFENDANT
HEARST COMMUNICATIONS, INC.**

**CERTIFICATE OF SERVICE**

I certify that on September 23, 2011, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Cameron Stracher
Cameron Stracher (ct28146)
4 North Pasture Rd.
Westport, CT 06880
(203) 222-7169 (phone & fax)
Email: cam@stracherlaw.com