UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL LIS and DJ PAULIE BROADCASTING LLC, | CIVIL ACTION NO. 3:11-cv-01057(AWT) |
| Plaintiffs, | |
| v. | |
| PAUL DELVECCHIO, JR., 495 PRODUCTIONS, VIACOM, INC. dba MTV NETWORKS, UMG RECORDINGS, INC., FIESTA PALMS LLC dba PALMS CASINO RESORT, BASKIN-ROBBINS, INC., HEARST COMMUNICATIONS, INC., ROOM960 LLC, and JOHN DOE(S) 1-999, | |
| Defendants. | October 13, 2011 |

## ANSWER OF DEFENDANT 495 PRODUCTIONS, INC.

Defendant 495 Productions, Inc. ("495 Productions"), named herein as 495 Productions, by and through its undersigned attorneys, Doll Amir & Eley, LLP and Yamin & Grant, LLC, hereby answers the Complaint of Plaintiffs Paul Lis and DJ Paulie Broadcasting LLC ("Plaintiffs"), as follows:

## NATURE OF THE ACTION

1. 495 Productions admits that this action purports to arise under the trademark and unfair competition laws of the United States and Connecticut state law, but otherwise denies each and every allegation contained in paragraph 1 of the Complaint.

## PARTIES

2. 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.

1

3.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.

4.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.

5.     In response to paragraph 5 of the Complaint, 495 Productions admits all allegations contained therein.

6.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

7.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies each and every allegation contained therein.

8.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies each and every allegation contained therein.

9.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies each and every allegation contained therein.

10.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies each and every allegation contained therein.

11.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies each and every allegation contained therein.

2

12.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies each and every allegation contained therein.

## JURISDICTION

13.     To the extent the allegations of paragraph 13 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein, except that it admits that this action purports to arise under the trademark laws of the United States.

14.     To the extent the allegations of paragraph 14 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

15.     To the extent the allegations of paragraph 15 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

16.     To the extent the allegations of paragraph 16 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

17.     To the extent the allegations of paragraph 17 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said

3

paragraph are deemed to be allegations of fact, 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

<b><u>VENUE</u></b>

18.     To the extent the allegations of paragraph 17 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

<b><u>GENERAL ALLEGATIONS</u></b>

<b><u>DJ PAULIE and Marks</u></b>

19.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies each and every allegation contained therein.

a.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(a) of the Complaint, and on that basis denies each and every allegation contained therein.

b.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(b) of the Complaint, and on that basis denies each and every allegation contained therein, except that Exhibit A speaks for itself to the extent that it is a true and complete copy of the item described in said subparagraph.

c.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(c) of the Complaint, and on that basis denies each and every allegation contained therein.

4

d.      495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(d) of the Complaint, and on that basis denies each and every allegation contained therein.

e.      495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(e) of the Complaint, and on that basis denies each and every allegation contained therein, except that Exhibits B and C speak for themselves to the extent that they are true and complete copies of the items described in said subparagraph.

f.      495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(f) of the Complaint, and on that basis denies each and every allegation contained therein.

g.      495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(g) of the Complaint, and on that basis denies each and every allegation contained therein.

h.      495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(h) of the Complaint, and on that basis denies each and every allegation contained therein.

i.      495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(i) of the Complaint, and on that basis denies each and every allegation contained therein.

j.      495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(j) of the Complaint, and on that basis denies each and every allegation contained therein.

k.      495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19(k) of the Complaint, and on that basis denies each and every allegation contained therein, except that Exhibits D, E and F speak

for themselves to the extent that they are true and complete copies of the items described in said subparagraph.

20.     To the extent the allegations of paragraph 20 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein, except that Exhibit G speaks for itself to the extent that it is a true and complete copy of the item described in paragraph 20.

21.     To the extent the allegations of paragraph 21 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

22.     To the extent the allegations of paragraph 22 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein, except that Exhibit H speaks for itself to the extent that it is a true and complete copy of the item described in paragraph 22.

23.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis denies each and every allegation contained therein, except that Exhibit I speaks for itself to the extent that it is a true and complete copy of the item described in paragraph 23.

24.     495 Productions denies each and every allegation contained in paragraph 24 of the Complaint, except that 495 Productions is without sufficient knowledge or information to form a belief as to Plaintiffs' expenditures and therefore denies the same, and except that exhibits

6

referenced speak for themselves to the extent that they are true and complete copies of the items described in paragraph 24.

25.     495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies each and every allegation contained therein.

26.     495 Productions denies each and every allegation contained in paragraph 26 of the Complaint, except that 495 Productions is without sufficient knowledge or information to form a belief as to Plaintiffs' expenditures and therefore denies the same.

## **Defendants' Willful Infringement of the DJ Paulie Marks And Irreperable Harm to the Plaintiffs**

27.     495 Productions denies each and every allegation contained in paragraph 27 of the Complaint, except that 495 Productions is without sufficient knowledge or information to form a belief as to the truth of said allegations with respect to all other defendants and on that basis denies the same.

28.     495 Productions denies each and every allegation contained in paragraph 28 of the Complaint, except that 495 Productions admits that a reality television series titled "Jersey Shore" aired on a network owned by Defendant Viacom Media Networks, a division of Viacom International Inc., featuring Defendant Paul Delvecchio, Jr. performing or promoting himself as a disc jockey under the name and moniker "DJ Pauly D," and except that 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' reputation and on that basis denies the same, and except that Exhibit J speaks for itself to the extent that it is a true and complete copy of the item described in paragraph 28.

29.     495 Productions denies each and every allegation contained in paragraph 29 of the Complaint, except that 495 Productions admits that Jersey Shore aired in late 2009, and except that 495 Productions is without sufficient knowledge or information to form a belief as to the

truth of the allegations regarding the impact on Plaintiffs' internet rankings and on that basis
denies the same.

30.     495 Productions is without sufficient knowledge or information to form a belief
as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis
denies each and every allegation contained therein.

31.     495 Productions is without sufficient knowledge or information to form a belief as
to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis
denies each and every allegation contained therein.

32.     495 Productions is without sufficient knowledge or information to form a belief as
to the truth of the allegations contained in paragraph 32 of the Complaint, and on that basis
denies each and every allegation contained therein.

33.     495 Productions is without sufficient knowledge or information to form a belief as
to the truth of the allegations contained in paragraph 33 of the Complaint, and on that basis
denies each and every allegation contained therein, except that Exhibit K speaks for itself to the
extent that it is a true and complete copy of the item described in paragraph 33.

34.     495 Productions denies each and every allegation contained in paragraph 34 of the
Complaint, except that Exhibits L, M, N, O, P, and Q speak for themselves to the extent that they
are true and complete copies of the items described in paragraph 34.

35.     495 Productions is without sufficient knowledge or information to form a belief as
to the truth of the allegations contained in paragraph 35 of the Complaint, and on that basis
denies each and every allegation contained therein, except that Exhibits R and S speak for
themselves to the extent that they are true and complete copies of the items described in
paragraph 35.

36.     495 Productions is without sufficient knowledge or information to form a belief as
to the truth of the allegations contained in paragraph 36 of the Complaint, and on that basis
denies each and every allegation contained therein.

8

37. 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and on that basis denies each and every allegation contained therein, except that Exhibit T speaks for itself to the extent that it is a true and complete copy of the item described in paragraph 37.

38. 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and on that basis denies each and every allegation contained therein, except that Exhibit U speaks for itself to the extent that it is a true and complete copy of the item described in paragraph 38.

39. 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and on that basis denies each and every allegation contained therein, except that Exhibit V speaks for itself to the extent that it is a true and complete copy of the item described in paragraph 39.

40. 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and on that basis denies each and every allegation contained therein, except that Exhibit V speaks for itself to the extent that it is a true and complete copy of the item described in paragraph 40.

## FIRST CLAIM FOR RELIEF

### (Violation of 15 U.S.C. § 1051 et seq – Lanham Act Trademark Infringement)

41. 495 Productions repeats and realleges each of its prior responses to paragraphs 1 through and including 40 as if fully set forth herein.

42. To the extent the allegations of paragraph 42 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

43. To the extent the allegations of paragraph 43 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said

9

paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

44.     To the extent the allegations of paragraph 44 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

45.     To the extent the allegations of paragraph 45 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein, except that 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' investment expenditures and on that basis denies the same.

46.     To the extent the allegations of paragraph 46 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein, except that 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' expenditures on a new internet radio brand and on that basis denies the same.

47.     To the extent the allegations of paragraph 47 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### (Alleged Violation of 15 U.S.C. § 1125 – Lanham Act Trademark Dilution)

48.     495 Productions repeats and realleges each of its prior responses to paragraphs 1 through and including 47 as if fully set forth herein.

10

49.     To the extent the allegations of paragraph 49 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

50.     To the extent the allegations of paragraph 50 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

51.     To the extent the allegations of paragraph 51 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

52.     To the extent the allegations of paragraph 52 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

53.     To the extent the allegations of paragraph 53 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

### (Violation of 15 U.S.C. § 1125(a) – Federal Unfair Competition)

54.     495 Productions repeats and realleges each of its prior responses to paragraphs 1 through and including 53 as if fully set forth herein.

55.     To the extent the allegations of paragraph 55 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said

11

paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

56.     To the extent the allegations of paragraph 56 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

57.     To the extent the allegations of paragraph 57 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition by Infringement of Common Law Rights)

58.     495 Productions repeats and realleges each of its prior responses to paragraphs 1 through and including 57 as if fully set forth herein.

59.     To the extent the allegations of paragraph 59 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

60.     To the extent the allegations of paragraph 60 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein, except that 495 Productions is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' use of "DJ PAULIE" in various forms of print and broadcast advertising for entertainment services, and on that basis denies the same.

12

61.     To the extent the allegations of paragraph 61 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

**(Violation of Connecticut Unfair Trade Practices Act – Conn. Rev. Stat. 42 § 110a et seq)**

62.     495 Productions repeats and realleges each of its prior responses to paragraphs 1 through and including 61 as if fully set forth herein.

63.     To the extent the allegations of paragraph 63 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

64.     To the extent the allegations of paragraph 64 and subparts (a) – (d) are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph and subparts are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

65.     To the extent the allegations of paragraph 65 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

66.     To the extent the allegations of paragraph 66 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

67.     To the extent the allegations of paragraph 67 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said

paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

## ALLEGATION OF DAMAGES

68. To the extent the allegations of paragraph 68 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

69. To the extent the allegations of paragraph 69 are deemed to be allegations of law, 495 Productions is not required to plead thereto; to the extent that the allegations of said paragraph are deemed to be allegations of fact, 495 Productions denies each and every allegation contained therein.

70. 495 Productions herein denies each and every allegation contained in the Complaint that is not specifically admitted.

71. To the extent that the headings contained in the Complaint constitute allegations, 495 Productions herein denies such allegations.

With respect to the "Wherefore" clause following paragraph 69 of the Complaint, 495 Productions herein denies that Plaintiffs are entitled to any relief, including a permanent injunction, a judgment against 495 Productions, damages, full costs, attorneys' fees, or any other relief.

14

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

By alleging the affirmative and other defenses below, 495 Productions is not in any way acknowledging or conceding that it has the burden of proof for any issue as to which applicable law places the burden on Plaintiffs.

## FIRST DEFENSE

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

2.      The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

3.      The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH DEFENSE

4.      The Complaint is barred, in whole or in part, by the doctrine of waiver.

## FIFTH DEFENSE

5.      The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## SIXTH DEFENSE

6.      The Complaint is barred, in whole or in part, by the doctrine of laches.

## SEVENTH DEFENSE

7.      The Complaint is barred, in whole or in part, by the doctrines of ratification and/or acquiescence.

**EIGHTH DEFENSE**

8.      There is no likelihood of confusion between Plaintiffs' alleged marks and any mark(s) used by 495 Productions.

**NINTH DEFENSE**

9.      There is no likelihood of dilution of Plaintiffs' alleged marks by reason of the use of any mark(s) by 495 Productions.

**TENTH DEFENSE**

10.     Plaintiffs' alleged marks are descriptive and have not acquired secondary meaning, and are therefore not valid and/or protectable trademarks.

**ELEVENTH DEFENSE**

11.     Plaintiffs' alleged marks are generic and are therefore not valid and/or protectable trademarks.

**TWELETH DEFENSE**

12.     Plaintiffs' alleged marks have neither inherent nor acquired distinctiveness.

**THIRTEENTH DEFENSE**

13.     Plaintiffs' claims fail, in whole or in part, because 495 Production's use of the name and moniker D.J. Pauly D. does not constitute trademark or commercial use.

**FOURTHEENTH DEFENSE**

14.     Defendant Paul Delvecchio has the right to use his personal name in business and commerce pursuant to 15 U.S.C. § 1115(b)(4) and under the common law, and 495 Productions has used his name with his authority and in that connection only.

## FIFTHEENTH DEFENSE

15.     Upon information and belief, assuming *arguendo* that Plaintiffs' alleged marks are entitled to protection, Defendant Paul Delvecchio has priority of use in interstate commerce of the name D.J. Pauly D. and Plaintiffs' are therefore precluded from the use of any confusingly similar moniker.

## SIXTEENTH DEFENSE

16.     Plaintiffs' claim of dilution fails because Plaintiffs' alleged marks are not "famous" as defined under the statute.

## SEVENTEENTH DEFENSE

17.     495 Productions has not engaged in any acts or practices that are unfair, deceptive, untrue or misleading.

## EIGHTEENTH DEFENSE

18.     Plaintiffs' claims fail, in whole or in part, because any alleged infringement by 495 Productions was innocent and unintentional, and thus does not warrant the relief demanded, including without limitation treble, exemplary, statutory, or punitive damages, an accounting of profits, or an award of attorneys' fees or costs.

## NINETHEENTH DEFENSE

19.     Plaintiffs' damages, were caused in whole or in part by the conduct of third parties, over whom 495 Productions has no control.

## TWENTIETH DEFENSE

20.     Plaintiffs' have failed to mitigate their damages, if any, and, as a consequence thereof, are not entitled to recover the same.

## TWENTY-FIRST DEFENSE

21.   Plaintiffs' claims are barred by the doctrine of abandonment.

DEFENDANT 495 PRODUCTIONS, INC.

BY ITS ATTORNEYS

By:  /s/ Eric M. Grant
        Eric M. Grant (ct13594)
        YAMIN & GRANT, LLC
        83 Bank Street
        Waterbury, CT 06702
        Telephone: (203) 574-5175
        Facsimile: (203) 573-1131
        egrant@yamingrant.com

Of Counsel:

        Gregory L. Doll (phv admission pending)
        DOLL AMIR & ELEY, LLP
        1888 Century Park East, Ste. 1850
        Los Angeles, California 90067
        Telephone: (310) 557-9100
        Facsimile: (310) 557-9101
        gdoll@dollamir.com

## CERTIFICATION

I hereby certify that on October 13, 2011, a copy of the foregoing document was filed. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing though the Court's system.

　　　　　　　　　　　　　　　\_\_\_/s/Eric M. Grant, Esq.\_\_\_\_
　　　　　　　　　　　　　　　Eric M. Grant (CT13594)
　　　　　　　　　　　　　　　Yamin & Grant, LLC
　　　　　　　　　　　　　　　83 Bank Street
　　　　　　　　　　　　　　　Waterbury, CT 06702
　　　　　　　　　　　　　　　Phone: (203) 574-5175
　　　　　　　　　　　　　　　Facsimile: (203) 573-1131
　　　　　　　　　　　　　　　egrant@yamingrant.com