UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

|  |  |  |
|---|---|---|
| PAUL LIS and | ) | |
| DJ PAULIE BROADCASTING LLC, | ) | |
| Plaintiffs | ) | |
|  | ) | Civil Action No. 11-cv-01057 |
|  | ) | (AWT) |
| vs. | ) | |
|  | ) | |
| PAUL DELVECCHIO, JR., | ) | DECEMBER 28, 2011 |
| 495 PRODUCTIONS, VIACOM, INC., | ) | |
| UMG RECORDINGS, INC., FIESTA | ) | |
| PALMS, LLC, BASKIN-ROBBINS, INC., | ) | |
| HEARST COMMUNICATIONS, INC., | ) | |
| ROOM960 LLC, and JOHN DOE(S) 1-999 | ) | |
| Defendants. | ) | |

**DEFENDANT FIESTA PALMS, LLC'S REPLY MEMORANDUM IN
RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

**I.    INTRODUCTION**

In their Complaint, Plaintiffs failed to allege any jurisdictional facts concerning defendant Fiesta Palms LLC ("Palms").  They have now opposed Palms' motion to dismiss for lack of personal jurisdiction by drawing a series of implausible inferences from one of the Complaint's many exhibits: a print-out of two web pages located somewhere on Palms' website.  Even accepting the unreasonable inferences Plaintiffs have now drawn from that exhibit as allegations of fact, however, they remain legally insufficient to make the *prima facie* showing necessary to justify the exercise of personal jurisdiction over Palms in this case.  Plaintiffs' Complaint should therefore be dismissed.

**II.   ARGUMENT**

Plaintiffs' opposition to Palms' motion to dismiss ("Plaintiffs' Opp.") suggests that their burden to make only a *prima facie* showing of jurisdiction somehow relieves them of any obligation to allege facts.  *See* Plaintiffs' Opp., pp. 2-3.  A *prima facie* showing is hardly automatic, however.  It requires a plaintiff to affirmatively "plead[] in good faith . . . ***legally sufficient allegations of jurisdiction.***"   *Jazini by Janzini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (dismissing complaint where plaintiff's factual allegations did not make *prima facie* showing of jurisdiction).  Plaintiffs can therefore only overcome Palms' motion by alleging "with ***reasonable particularity*** th[e] specific facts that support jurisdiction." *Palnik v. Westlake Entm't, Inc.,* 344 Fed. App'x 249, 251 (6th Cir. 2009) (emphasis supplied); *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008) (noting that courts accept as true only "plausible, non-conclusory and non-speculative facts alleged in plaintiffs' complaint.").

Plaintiffs here have not made any jurisdictional allegations at all, let alone of any reasonable particularity.  Indeed, they do not even dispute their failure to plead jurisdictional

1

facts concerning Palms, given their apparent belief that their generalized and conclusory assertions suffice. *See* Plaintiffs' Opp., p. 3 (identifying only conclusory assertions of jurisdiction that are generally applicable to all defendants). Plaintiffs apparently hope to be relieved of their pleading obligations in this case, based solely on the print-outs from Palms' website that they attached to their Complaint. These web pages, claim Plaintiffs, "show an effort to market to a national audience, and then capture that audience through the website by allowing the visitor to purchase Palms products." *Id.* As set forth below, however, even if these unalleged inferences were apparent from the face of Plainitiffs' exhibit (which they are not),[1] they are not legally sufficient to make a *prima facie* showing of jurisdiction. Plaintiffs' Complaint must therefore be dismissed.

### A. The Web Pages Cannot Invoke Connecticut's Long-arm Jurisdiction

Although Plaintiffs have apparently conceded that Palms has not "transacted business" under Conn. Gen. Stats. § 52-59b,[2] they nonetheless maintain that the inferences they now attempt to draw from the exhibit are sufficient to make a *prima facie* showing of long-arm jurisdiction in this case. In the absence of factual allegations, they conclusorily assert that the exhibit somehow establishes that Palms has "committed a tort within [Connecticut] via its infringing website accessible to Connecticut resident[s] . . . , committed a tort outside of the state and regularly solicits business in this state . . . [and their] cause of action arises out of business solicited in this state." Plaintiffs' Opp., p. 4. None of these conclusions, however, is supported by a legally sufficient allegation of fact.

---

[1] Nothing about the exhibit suggests that Palms' website acts "as an online store for Palms' products," as Plaintiffs maintain. *See* Plaintiffs' Opp., p. 2. First, Palms has no "products" that it could sell online. It is an entertainment venue, and its services can only be enjoyed in Las Vegas, where it is located. Indeed, the only potentially interactive element apparent from the exhibit appears in a banner along the top of the webpages, which affords online consumers the opportunity to reserve a room at Palms' hotel or book a flight. *See* Exhibit R, pp. 1-2. Not only is it unclear from the exhibit who operates that purportedly interactive service, however, it is completely unrelated to Plaintiffs' claims.

[2] *See* Palms' Opening Br., pp. 6-8. Plaintiffs make no argument that Section 52-59b(a)(1) somehow applies to Palms.

1. <u>Plaintiffs Nowhere Allege that Palms Committed a Tort in Connecticut</u>

Plaintiffs maintain that their allegation that "Paul Delvecchio, Jr., is advertised and promoted as the current resident DJ . . . in Las Vegas, Nevada" suffices to allege a tort committed by Palms in Connecticut, pursuant to Conn. Gen. Stats. § 52-59b(a)(2).[3]  *See* Plaintiffs' Opp., p. 4.  Plaintiffs cite no controlling authority for this assertion.  Instead, they rely on an Eleventh Circuit case applying Florida's long-arm statute, and an unpublished patent infringement case from this District, to claim that any allegation of trademark infringement occurring online is sufficient to bring any defendant within Connecticut's long-arm jurisdiction, irrespective of the defendant's location.  As set forth below, however, that is not the law.

In fact, the law governing this Court's decision is well settled.  To commit the tort of trademark infringement sufficient to satisfy Connecticut's long-arm statute, the "infringement [itself] must take place ***in the forum state***." *Am. Wholesalers Underwriting Ltd. v. Am. Wholesale Ins. Group*, 312 F. Supp. 2d 247, 253 (D. Conn. 2004) (allegedly infringing insurance company, which advertised its services online and in national trade publications, did not commit tort in Connecticut within meaning of long-arm statute) (emphasis supplied).  In Connecticut, therefore, "the emphasis is unmistakably upon the ***place where*** the tortious conduct occurred.  It requires tortious conduct ***in this state***." *Southern New England Distributing Corp. v. Berkeley Finance Corp.*, 30 F.R.D. 43, 47 (D. Conn. 1962) (emphasis in original).[4]

---

[3] As addressed further below, Plaintiffs ignore the question of which long-arm statute governs Palms' motion to dismiss, choosing instead to claim that both are somehow applicable.  See Plaintiffs' Opp., p. 3 ("Connecticut has two statutes which appear to independently confer jurisdiction over Defendant Palms.").  This Court, however, has concluded that Section 52-59b is the only long-arm statute applicable to foreign limited liability companies. *See Austen v. Catterton Partners V, LP*, 729 F. Supp. 2d 548 (D. Conn. 2010), and discussion, *infra*.

[4] *Simoniz v. Motor City Wash Works, Inc.*, 2007 U.S. Dist. LEXIS 83305 (D. Conn. November 9, 2007), the patent infringement case on which Plaintiffs rely, is not to the contrary.  The court in that case identified specific offers from the defendant to sell its allegedly infringing product in Connecticut, including through a print publication directed specifically at Connecticut and through a Connecticut distributor of the defendant's products, as well as via the defendant's interactive website. *Simoniz*, 2007 U.S. Dist. LEXIS 83305, at *9.  The *Simoniz* Court thus applied the Connecticut rule "that a defendant's tortious conduct [must] be directly and expressly targeted at the forum state." *On-Line Technologies v. Perkin Elmer Corp.*, 141 F. Supp. 2d 246, 264 (D. Conn. 2001).  No direct or express targeting at Connecticut is alleged here.

Plaintiffs have alleged that Palms, which is located and provides entertainment services exclusively in Nevada, posted advertisements online promoting Mr. Delvecchio's performances in Las Vegas. Even assuming that such promotion is, in fact, tortious, the conduct in question clearly occurred exclusively in Nevada. Plaintiffs can make no good faith allegation (and their exhibit in no way suggests) that any such promotion was "directly and expressly targeted" at Connecticut. *See On-Line Techs. v. Perkin Elmer Corp.*, 141 F. Supp. 2d 246, 264 (D. Conn. 2001) ("Connecticut law . . . insist[s] that a defendant's tortious conduct be directly and expressly targeted at the forum state."). Absent such targeting, the mere presence of those advertisements on the internet does not amount to the commission of a tort in Connecticut.

    2. <u>Plaintiffs' Cause of Action Does Not Arise From Any Solicitation of Connecticut Business</u>

Plaintiffs further claim without alleging any facts that Palms solicits business in Connecticut. Plaintiffs' authority for their asserted position, however, relies exclusively on cases involving Conn. Gen. Stats. § 33-929(f)(2), which governs jurisdiction over foreign corporations, not limited liability companies. Indeed, notwithstanding their claim that both Section 33-929(f) and Section 52-59b(a)(3)(A) are somehow applicable (*see* Plaintiffs' Opp., p. 6), Plaintiffs simply ignore the latter statute. As set forth below, neither statute extends jurisdiction to Palms.

    a. *No Injury is Alleged to have Occurred in Connecticut*

Jurisdiction is only allowed under Section 52-59b(a)(3)(A) if the action arises from a tort committed outside of Connecticut that causes injury within the state **and** "[the alleged defendant] regularly does or solicits business" in Connecticut. Conn. Gen. Stats. § 52-59b(a)(3)(A). The threshold question under Section 52-59b(a)(3), therefore, "is whether any injury to [Plaintiff] occurred in Connecticut." *Harris v. Wells*, 832 F. Supp. 31, 35 (D. Conn. 1993); *see also* Palms' Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction ("<u>Opening Br.</u>"), at pp. 8-9.

4

Under Connecticut law, the injury required by Section 52-59b occurs "where the critical events associated with the dispute took place." *Bross Utilities Service Corp. v. Aboubshait*, 489 F. Supp. 1366, 1374-75 (D. Conn. 1980) (no jurisdiction in Connecticut notwithstanding Plaintiffs' location there because all critical events associated with the dispute occurred elsewhere); *see also Harris*, 832 F. Supp. at 35 (denying jurisdiction because Plaintiff's injury was "too remote and speculative to satisfy the critical events test"); *Greene v. Sha-Na-Na*, 637 F. Supp. 591, 597 (D. Conn. 1986) (jurisdiction improper in trademark infringement action concerning defendants' unauthorized use of registered band name because the critical events – the promotion and performances at issue – all occurred outside of Connecticut).

Here, Plaintiffs have not alleged, because they cannot, a single event occurring in Connecticut that caused them harm. Indeed, all of the critical events involving Palms occurred in Nevada, and Plaintiffs make no attempt to argue otherwise. Instead, they conclusorily assert that both Sections 52-59b(a)(3) and 33-929(f)(2) authorize jurisdiction here in Connecticut, even as they ignore the law governing Section 52-59b, the only statute that controls limited liability companies.

    b. *Section 33-929(f) Does Not Apply*

Apparently because they cannot satisfy the long-arm requirements of Section 52-59b, Plaintiffs have seized upon cases that exclusively arise under Section 33-929(f). *See* Plaintiffs' Opp., pp. 6-9, 11. According to this Court, however, that section, which governs jurisdiction over foreign corporations, has no application to limited liability companies such as Palms. *See Austen v. Catterton Partners V, LP*, 729 F. Supp. 2d 548 (D. Conn. 2010). Indeed, in a lengthy opinion collecting every Connecticut Superior Court decision on the issue, District Judge Kravitz concluded that "Connecticut case law . . . favors the application of § 52-59b(a), rather than § 33-929(e)-(f), to foreign LLCs." *Id.* at 559. Moreover, the court went on, both the language and

5

structure of Section 52-59b make it more applicable to limited liability companies than Section 33-929(f).  *See id.* at 556-59.  The court therefore held that "§ 52-59b(a), applies to foreign LLCs, rather than [the] corporation-specific long-arm provision, § 33-929(e)-(f)." *Id.* at 559.  Plaintiffs' argument that jurisdiction is proper under Section 33-929(f) thus fails from the outset, because that statute does not apply to limited liability companies like Palms.

        c.  *Plaintiffs Have Ignored the Prevailing Law*

Even if Section 33-929(f) did apply, however, the two cases on which Plaintiffs rely do not control the resolution of Palms' motion.  Indeed, the principal case they cite,[5] *Inset Systems, Inc. v. Instruction Set, Inc.*, 937 F. Supp. 161 (D. Conn. 1996), attempted to address the jurisdictional implications of a website during the dawn of the internet, and was already considered "ancient" more than a decade ago.  *See S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537, 540, n. 3 (E.D. Pa. 1999) (characterizing *Inset* as "ancient in light of the meteoric growth of the Internet" and dismissing trademark infringement action for lack of jurisdiction where plaintiff relied solely on defendants' toll-free number and presence on the internet to allege jurisdiction).

Even if *Inset's* dated analysis of online jurisdictional issues somehow remains good law fifteen years on,[6] however, it does not govern this court's decision.  *See, e.g., Am. Wholesalers Underwriting*, 312 F. Supp. 2d at 258 (noting that "[s]ince *Inset Systems, Inc.,* courts have been reluctant to find *in personam* jurisdiction based upon passive web sites . . .").  Indeed, after *Inset*,

---

[5]     The other case, *ICG Am., Inc. v. Wine of the Month Club, Inc.*, 2009 U.S. Dist. LEXIS 77151 (D. Conn. August 24, 2009), applies nearly identical reasoning to both Section 33-929(f) and the due process analysis.  The case is inapposite as to each, however, as set forth further below.

[6]     Unsurprisingly, *Inset's* holding has been "heavily criticized" throughout the country.  *See S. Morantz*, 79 F. Supp. 2d at 540, n. 3.  Its legal analysis has been deemed "far from compelling," *Digital Control Inc. v. Boretronics Inc.*, 161 F. Supp. 2d 1183, 1186 (W.D. Wash. 2001), and is viewed as "represent[ing] a rather inauspicious beginning" to jurisdictional issues arising online.  *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp.2d 907, 914-15 (D. Or. 1999).  It was almost immediately repudiated in this very district.  *See E-DATA Corp. v. Micropatent Corp.*, 989 F.Supp. 173, 176 (D. Conn. 1997) (denying exercise of jurisdiction under predecessor to Section 33-929(f) where defendant maintained both a website accessible from Connecticut and a toll-free number).

Connecticut courts considering jurisdiction under Section 33-929(f)(2) have consistently required that for any alleged solicitation of business to satisfy the statute, whether it is via the internet or otherwise, it must ***specifically target*** Connecticut residents.  *See*, *e.g.*, *Pitruzello v. Muro*, 798 A.2d 469, 475-76 (Conn. App. 2002) (denying jurisdiction under Section 33-929(f)(2) where plaintiff failed to allege specific facts suggesting any repeated, targeted solicitation of Connecticut residents by defendants); *Centennial Helicopters, Inc. v. Sterling Corp.*, 2005 Conn. Super. LEXIS 3265, *17-18 (Conn. Super. Nov. 22, 2005) (dismissing complaint for failure to satisfy 33-929(f)(2) in absence of allegation or evidence "that the internet advertising of defendant specifically targeted Connecticut residents").[7]

Here, Plaintiffs have not alleged any facts to satisfy the requirement of Section 33-929(f)(2) concerning a "repeated solicitation of business."  Instead, they stress that users in any state can apparently go online to reserve a room at Palms' hotel, and claim that such generalized online contacts should justify jurisdiction in Connecticut.  Not only is that clearly not the law, however, this case does not arise from someone reserving a room at Palms' hotel.  Rather, it arises solely from Palms' passive promotion of Mr. Delvecchio's performances in Nevada, which promotion is not interactive (*See* Nelson Decl. [Dkt. No. 77], ¶ 16 ("The Webpage does not allow users to purchase tickets to an event advertised to include Mr. Delvecchio.")), and is in no way targeted at Connecticut.  Such passive advertising cannot justify this Court's exercise of long-arm jurisdiction under ***any*** Connecticut statute, and Plaintiffs' Complaint should be dismissed.

---

[7]   *See also Aircraft v. Atlanta Jet Inc.*, 2000 Conn. Super. LEXIS 2721, *10-11 (Conn. Super. Ct. Oct. 10, 2000) (denying jurisdiction under 33-929(f)(2) because defendant's advertisements merely targeted entire world community and "nothing [therein] . . . specifically targeted Connecticut residents for solicitation, nor offered any special service, product, pricing or other advantage to Connecticut residents.").

### B. Jurisdiction Over Palms Would Violate Due Process

Because Plaintiffs have not alleged any facts sufficient to trigger Connecticut's long-arm statute, no due process inquiry is necessary. *See MacDermid, Inc. v. Deiter*, 2011 U.S. Dist. LEXIS 137338, *10 (D. Conn. Nov. 30, 2011) ("due process analysis is unnecessary" where Court lacks personal jurisdiction pursuant to Connecticut's long-arm statute). That inquiry, however, merely confirms that Palms is not subject to jurisdiction in Connecticut. Indeed, Plaintiffs' only argument on the minimum contacts test simply parrots their position and cited authority on long-arm jurisdiction. *See* Plaintiffs' Opp., pp. 8-9. That authority, however, relates exclusively to specific jurisdiction, and does not support its exercise in this case.[8]

As addressed above, the dated and almost universally maligned reasoning from the *Inset* case does not apply here, and warrants no further discussion. The more recent authority on which Plaintiffs rely, *ICG Am., Inc. v. Wine of the Month Club, Inc.*, 2009 U.S. Dist. LEXIS 77151 (D. Conn. August 24, 2009), is equally unavailing. There, the plaintiff operated monthly wine-buying clubs in Connecticut, using the word marks "wine of the month club" and "wine of the month." *ICG*, 2009 U.S. Dist. LEXIS 77151, *3-4. The defendant sold wine through an interactive website, owned multiple registrations for the same mark, and directed several cease and desist letters to the plaintiff in Connecticut. *Id.* It also sent multiple e-mail solicitations directly to Connecticut residents. *Id.* at *21. When the plaintiff brought a declaratory judgment

---

[8] By focusing on those cases, Plaintiffs have apparently abandoned any argument that Palms is subject to general jurisdiction. Unlike Plaintiffs' allegations here, however, the causes of action in both *Inset*, *supra*, and *ICG Am., Inc. v. Wine of the Month Club, Inc.*, 2009 U.S. Dist. LEXIS 77151 (D. Conn. 2009) arose directly from the only contacts the court identified between the defendants and Connecticut. *See Inset*, 937 F. Supp. at 165 (plaintiffs' trademark infringement action arose directly from defendant's allegedly infringing domain name and telephone number, which were defendant's only contacts with the forum); *ICG*, 2009 U.S. Dist. LEXIS 77151, *16-22 (plaintiffs' declaratory judgment action arose from defendant's cease and desist letters directed at plaintiff in Connecticut, its online sales of wines of the month to Connecticut residents, as well as its e-mail promotions to Connecticut residents). Thus, both courts analyzed their cases as questions of specific jurisdiction, and exercised jurisdiction based on the link between the alleged contacts and the case. *See Chloe v. Queen Bee of Beverly Hills LLC*, 616 F.3d 158, 164 (2d Cir. 2010) (specific jurisdiction involves causes of action that arise from the defendants' forum contacts); *Am. Wholesalers*, 312 F. Supp. 2d at 259 ("[case law] suggests that *Inset Systems Inc. . . .* addresses specific jurisdiction, and should not be applied to cases of general jurisdiction."). No such link exists here.

action, the defendant responded with a motion to dismiss for lack of personal jurisdiction. *Id.* at *5. The Court held that the totality of the defendant's contacts with Connecticut constituted purposeful availment of the privilege of doing business in Connecticut *from which the plaintiff's cause of action specifically arose*. *See id.* at *21-22.

Palms lacks any arguable similarity to the defendant in *ICG*. The cause of action against Palms arises exclusively from its *passive* promotion of Mr. Delvecchio as its "resident DJ," which is not specifically directed anywhere. *See* Complaint, p. 35. Moreover, Plaintiffs' conclusory assertion that Palms' website is interactive, which is solely by inference from an unattributed banner running across the top of Exhibit R, cannot establish jurisdiction. First, the banner merely suggests that *someone*, it is not clear who, uses Palms' site to allow online users to make hotel reservations or book a flight.[9] Even if Palms operates that service, however, the service in question – offering to book a flight or hotel – has no connection to Mr. Delvecchio's use of the name "DJ Pauly D." Indeed, it is clear from the exhibit that no interactive services are provided on Palms' website in connection with the allegedly wrongful promotion of Mr. Delvecchio. *See* Nelson Decl., [Dkt. No. 77], ¶ 16. Thus, Plaintiffs' generalized assertions of interactivity, for which Palms is not even clearly responsible, do not give rise to specific jurisdiction.[10]

### C. Plaintiffs' Failure to Allege Jurisdictional Facts Prohibits the Conduct of Jurisdictional Discovery

Because Plaintiffs have failed to make the *prima facie* showing necessary to justify this Court's exercise of jurisdiction, Plaintiffs have no right to conduct any discovery concerning

---

[9] The option to book flight reservations suggests that this banner is *not* sponsored by Palms, but, rather, by an online travel vendor, capable of booking both rooms and flights.

[10] Nor could such allegations invoke general jurisdiction, given that Palms, which only does business in Nevada, cannot even arguably be characterized as purposefully, systematically and continuously availing itself of the privilege of doing business in Connecticut. *See Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 128 (2d Cir. 2008) ("more stringent minimum contacts test for general jurisdiction . . . [requires] showing that [defendant] had continuous and systematic general business contacts" with the forum in question).

9

Palms. Plaintiffs erroneously assume that the "analytical framework in *Ball* likely contemplates the need to conduct discovery in order to establish jurisdiction." Plaintiffs' Opp., p. 11. In fact, the law in this circuit is quite clear: "jurisdictional discovery is not appropriate when [as here] the plaintiff has not made a prima facie case for the exercise of personal jurisdiction." *Estate of Luis A. Nunez-Polanco v. Boch Toyota, Inc.*, 2004 U.S. Dist. LEXIS 18411, *5 (July 21, 2004) (granting motion for protective order and denying discovery pending resolution of motion to dismiss), citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998). Indeed, in order to have any basis for conducting discovery, Plaintiffs must first make "a threshold showing that there is some basis for the assertion of jurisdiction." *Id.*

As set forth above, Plaintiffs cannot allege any legally cognizable basis for the assertion of jurisdiction, and have offered no justification for subjecting Palms to discovery. Plaintiffs' cause of action arises out of very specific, passive advertisements located on Palms' website, which have no apparent connection to this forum whatsoever. As set forth above, that is not enough to make a *prima facie* showing of jurisdiction.

### III.   CONCLUSION

For all of the foregoing reasons, and those set forth in Palms' opening brief, Palms respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction.

        Respectfully submitted,

        **FIESTA PALMS LLC, D/B/A PALMS RESORT CASINO,**

        By its attorneys,

        /s/ Edward J. Naughton
        Edward J. Naughton (ct 20822)
        Steven M. Veenema (phv 04987)
        BROWN RUDNICK LLP
        One Financial Center
        Boston, MA 02111
        617.856.8200
        enaughton@brownrudnick.com
        sveenema@brownrudnick.com

Dated:  December 28, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                      /s/ Edward J. Naughton
                                      Edward J. Naughton

Dated: December 28, 2011