UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL LIS, et al : | No. 11-cv-01057-AWT |
|     Plaintiffs, : | |
| : | |
| v. : | |
| : | January 17, 2012 |
| PAUL DELVECCHIO, et al : | |
|     Defendants. : | |

**FORM 26(f)**
**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on Friday, November 18, 2011. The participants were:

1. Jose M. Rojas, counsel for the plaintiffs, Paul Lis and DJ Paulie Broadcasting LLC

2. Craig M. Scott, counsel for defendant, Paul Delvecchio, Jr.

3. Gregory L. Doll and Louise K. Fulsher, counsel for 495 Productions, Inc.

4. Deborah Adler, counsel for Viacom, Inc.

5. Gregory L. Doll and Louise K. Fulsher, counsel for UMG Recordings, Inc.

6. Steven M. Veenema, counsel for Fiesta Palms, LLC

7. Craig M. Scott, counsel for Baskin-Robbins Inc.

8. Ravi V. Sitwala, counsel for Hearst Communications.

I. **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### A.   Subject Matter Jurisdiction

Subject matter jurisdiction is not contested and rests primarily on federal question.

### B.   Personal Jurisdiction

Defendant, Fiesta Palms, LLC ("Palms") has moved to dismiss the Complaint for lack of personal jurisdiction. Palms claims that it is a Nevada limited liability company, which offers entertainment services exclusively at its resort and casino located in Las Vegas, Nevada. It further claims that it has no contacts with Connecticut, and has not targeted any marketing campaign specifically at Connecticut residents. Defendant Palms submits that in their complaint, the plaintiffs do not allege any basis on which this Court may exercise personal jurisdiction over Palms. No other defendant has contested this Court's exercise of personal jurisdiction.

Plaintiffs dispute Defendant's claims regarding personal jurisdictions and submit that the complaint adequately sets forth the basis for personal jurisdiction. Because both defendant and plaintiffs have fully briefed this issue, plaintiffs direct the Court's attention to those briefs, rather than setting forth the arguments herein.

## III.   BRIEF DESCRIPTION OF CASE

This is a trademark infringement action. Plaintiffs allege infringement of two registered trademarks, DJ PAULIE and DJ PAULIE WORLDWIDE COUNTDOWN. Plaintiff Lis claims that he began using the mark, "DJ Paulie," in the early 1970s and has been using the mark continuously since then. On May 1, 2008, plaintiff filed an application for registration of said

mark with the United States Patent and Trademark Office (the "PTO"). Said application was granted on January 12, 2010.

495 Productions Inc. produces, and MTV airs a reality television show titled "Jersey Shore." One of the individuals who appears on the show is defendant, Paul Delvecchio, who is referred to on the show as Pauly D, and occasionally as DJ Pauly D. Mr. Delvecchio has filed applications to register the mark "Pauly D," and the prosecution of those applications have been stayed by the PTO pending adjudication of this dispute.

The defendants that have answered the Complaint have denied all allegations of wrongdoing, including the allegation of trademark infringement. Certain defendants have also asserted affirmative defenses regarding the descriptiveness and generic quality of Mr. Lis' alleged marks, and that as a result, the marks are not valid and protectable trademarks; and that Mr. Delvecchio has the right to use his personal name in business and commerce. Mr. Delvecchio has also brought a four count counterclaim alleging that plaintiffs obtained the trademark registrations-in-suit by fraud upon the PTO and have abandoned the marks. He seeks cancellation of plaintiff's putative trademark registrations and a declaration of priority pursuant to 15. U.S.C. 1052(d) with respect to the DJ PAULIE'S WORLDWIDE COUNTDOWN mark.

## IV.   STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Given the number of parties, substantive defenses raised, counterclaims and that fact discovery has not commenced, the parties cannot uniformly state that the material facts of trademark rights, ownership and infringement are undisputed.

V.     **CASE MANAGEMENT PLAN:**

    A.     **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth in Section E below.

    B.     **Scheduling Conference with Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.     **Early Settlement Conference**

        1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time. However, settlement prospects may improve once some initial discovery is accomplished.

        2.     The parties do not request an early settlement conference.

        3.     At the appropriate time, the parties prefer a settlement conference with a Magistrate Judge or special master.

        4.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.     **Joinder of Parties and Amendment of Pleadings**

        1.     The parties do not require additional time to file motions to join additional parties or to amend the pleadings. Plaintiffs reserve the right to add defendants should discovery reveal additional alleged infringements. Any additional defendants will be added no later than May 31, 2012.

E. **<u>Discovery</u>**

Subject to Defendant Palms' objection to this Court's exercise of personal jurisdiction over it, pursuant to which Palms will not engage in discovery in this action until such time as this Court has resolved Palms' motion to dismiss the Complaint for lack of personal jurisdiction, except to the extent such engagement is necessary to preserve Palms' rights, the parties have agreed on the following discovery plan:

1. The parties anticipate that discovery will be needed on the following subjects:

   (i) When, where, how and for how long defendant Delvecchio has used the name and mark, "DJ Pauly D";

   (ii) The nature of other uses of the alleged marks, and their variations;

   (iii) The strength or weakness of plaintiffs' alleged marks;

   (iv) When, where and how each party acquired knowledge of plaintiff's alleged trademark rights;

   (v) The various media in which defendants have used the name "DJ Pauly D" and the circumstances surrounding each such use;

   (vi) Recordings of the show "Jersey Shore" that were ever disseminated to the public;

   (vii) Delvechhio's counterclaims: that plaintiff obtained his trademark by fraud; the asserted marks have been abandoned; that he is entitled to a declaration of priority; and resulting damages;

   (viii) Whether there is a likelihood of confusion among the relevant class of consumers;

   (ix) Damages. Alleged infringements that are continuing to occur; materials currently on the market using the mark, "DJ Pauly," and/or "DJ Paulie"; profits derived from, or in connection with, the mark; allocation of allegedly infringing profits attributable to the

5

>    infringement; defendants' damages against plaintiffs
>    for defending this action; and other miscellaneous
>    matters relating to damages.

2. All fact discovery of any party other than Palms may commence upon the filing of this report. Fact discovery of Defendant Palms may commence upon a ruling by this Court denying Palms' motion to dismiss for lack of personal jurisdiction.

3. Defendants, 495 Productions, Inc., UMG Recordings, Inc., Viacom, Inc., Fiesta Palms, LLC and Hearst Communications, request that discovery should be bifurcated as follows: fact discovery (both documentary and deposition) should be limited in the first instance to priority of use, followed by discovery regarding the remaining topics described above. Defendants, Paul Delvecchio, Jr. and Baskin-Robbins, Inc., do not share the view that bifurcation of fact discovery is appropriate in this case, and have agreed to the schedule set forth herein with the assumption that fact discovery will not be bifurcated. Plaintiff's view is that discovery should not be bifurcated.

4. Fact discovery will be completed by July 31, 2012.

5. The parties anticipate that the plaintiffs will require a total of fifteen (15) deposition of fact witnesses and that each defendant may require a total of 10 depositions of fact witnesses.

6. Each of the parties may request permission from the Court to serve more than 25 interrogatories, including subparts.

7. The party with the burden of proof will disclose trial experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) by October 31, 2012.

8. Rebuttal expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) will be served by November 30, 2012.

      9.      Expert discovery shall be completed by February 28, 2013.

      10.      Undersigned counsel began a discussion regarding the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with retrieval and production of such information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  Defendants submit that during this discussion, counsel for plaintiffs stated that he had not yet spoken with his clients regarding document preservation, and was not aware of whether his clients were preserving documents.  As a result, defendants are concerned about the spoliation of evidence.  Plaintiffs dispute defendants' characterization of the conversation.  This conversation may result in a request for Court intervention.  The parties agreed that they would exchange electronic documents, but did not complete their discussion of the form in which data would be produced or search terms to be applied.

      11.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree that claims of privileges or work-product protection may be addressed satisfactorily pursuant to the procedures forth in Fed. R. Civ. P. 26(b)(5)(A) and (B).  The defendants anticipate submitting to the Court a protective order regarding the production of confidential information.  Plaintiff counsel wishes to see a draft before articulating a position regarding same.

    **F.**    **Dispositive Motions:**

Dispositive motions will be filed on or before March 31, 2013.

G.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days of a decision on dispositive motions.

VI.  **TRIAL READINESS**

The case will be ready within 60 days of decision on any dispositive motions. As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| Plaintiffs, | Defendants, |
|---|---|
| Paul Lis and DJ Paulie Broadcasting, LLC<br>By their attorneys, | Paul Delvecchio, Jr. and Baskin-Robbins Inc.<br>By their attorneys, |
| /s/ Jose M. Rojas<br>Jose M. Rojas<br>Federal Bar No. ct 22569<br>40 Russ Street<br>Hartford, CT 06106<br>Tel. (860) 819-4084<br>Fax. (860) 408-6741<br>rojas@therojaslawfirm.com | /s/ Craig M. Scott<br>Craig M. Scott (phv04929)<br>Christine K. Bush (phv04930)<br>Scott & Bush Ltd.<br>30 Kennedy Plaza, 4th Floor<br>Providence, RI  02903<br>(401) 865-6035 Phone/(401) 865-6039 Fax<br>cscott@scottbushlaw.com<br>cbush@scottbushlaw.com |
| Timothy F. Mills (#08450)<br>TIMOTHY F. MILLS, P.C.<br>40 Russ Street<br>Hartford, CT  06106-1520<br>(860) 819-4084 Phone<br>(860) 408-6741 Fax<br>tm@uspatentattys.com | Robert M. Langer **(**#06305**)**<br>Erik H. Beard (#26941)<br>Wiggin and Dana LLP<br>One CityPlace, 185 Asylum Street<br>Hartford, CT  06103-3402<br>(860) 297-3724 Phone<br>rlangler@wiggin.com<br>ebeard@wiggin.com |

Defendants,

495 Productions, Inc. and UMG Recordings, Inc.

By their attorneys,

/s/ Gregory L. Doll
Gregory L. Doll (phv193205)
Louise K. Fulsher (phv268491)
Doll Amir & Eley, LLP
1888 Century Park East
Suite 1850
Los Angeles, CA   90067
(310) 557-9100 Phone
(310) 557-9101 Fax
gdoll@dollamir.com
kfulsher@dollamir.com

Eric M. Grant, Esq. (#13594)
Melissa A. Scozzafava, Esq. (#23560)
Yarmin & Grant, LLC
83 Bank Street
Waterbury, CT   06702
(203) 574-5175 Phone
(203) 573-1131 Fax
egrant@yamingrant.com
mscozzafava@yamingrant.com

Defendant,

Fiesta Palms, LLC

By its attorneys,

/s/ Edward J. Naughton
Edward J. Naughton (#20822)
Steven M. Veenema (phv04987)
Brown Rudnick LLP
One Financial Center
Boston, MA   02111
(617) 856-8141 Phone
(617) 289-0783 Fax
SVeenema@brownrudnick.com
enaughton@brownrudnick.com

Defendant,

Viacom Media Networks

By its attorneys,

/s/ Deborah Adler
Deborah Adler (#phv02586)
Marcia Paul (#09896)
Davis Wright Tremaine, LLP
1633 Broadway, 27th Floor
New York, New York   10019-6708
(212) 489-8230 Phone
(212) 489-8340 Fax
deborahadler@dwt.com
marciapaul@dwt.com

Lee Friend Lizotte   (#27428)
McCarter & English LLP
City Place I
185 Asylum Street
Hartford, CT   06103
(860) 275-6700 Phone
(860) 724-3397 Fax
llizotte@mccarter.com

Defendant,

Hearst Corporation

By its attorneys,

/s/ Ravi V. Sitwala
Ravi V. Sitwala (phv05077)
Jonathan R. Donnellan (phv05078)
Office of General Counsel
Hearst Corporation
300 West 57th Street
New York, New York   10019-3792
(212) 649-2006 Phone
(212) 649-2035 Fax
rsitwala@hearst.com
jdonnellan@hearst.com

Cameron Stracher (#28146)<br>
4 North Pasture Road<br>
Westport, CT   06880<br>
(203) 222-7169 Phone & Fax<br>
cam@stracherlaw.com