UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

_____
                                       )
PAUL LIS                               )
DJ PAULIE BROADCASTING LLC,            )
            Plaintiffs                 )
                                       )
                                       )  Civil Action No. 11-cv-01057
                                       )  (AWT)
vs.                                    )
                                       )
PAUL DELVECCHIO, JR.,                  )
495 PRODUCTIONS, VIACOM, INC.,         )
UMG RECORDINGS, INC., FIESTA           )
PALMS, LLC, BASKIN-ROBBINS, INC.,      )
HEARST COMMUNICATIONS, INC.,           )
ROOM960 LLC, and JOHN DOE(S) 1-999     )
            Defendants                 )
_____ )

## ANSWER AND DEFENSES OF DEFENDANT FIESTA PALMS, LLC

Defendant FCH1, LLC, f/k/a Fiesta Palms, LLC ("Palms") answers the Complaint of Plaintiffs, Paul Lis and DJ Paulie Broadcasting LLC (collectively, the "Plaintiffs") as follows:

### NATURE OF THE ACTION

1.  The allegations set forth in Paragraph 1 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 1 are allegations of fact, Palms denies each and every such allegation.

### PARTIES

2.  Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 and therefore denies them.

3.  Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3 and therefore denies them.

1

4. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 and therefore denies them.

5. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 and therefore denies them.

6. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 and therefore denies them.

7. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 and therefore denies them.

8. Palms admits the allegations set forth in Paragraph 8 of the Complaint.

9. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 and therefore denies them.

10. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 and therefore denies them.

11. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 and therefore denies them.

12. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 and therefore denies them.

## **JURISDICTION**

13. The allegations set forth in Paragraph 13 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 13 are allegations of fact, Palms denies each and every such allegation.

14. The allegations set forth in Paragraph 14 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 14 are allegations of fact, Palms denies each and every such allegation.

15. The allegations set forth in Paragraph 15 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 15 are allegations of fact, Palms denies each and every such allegation.

16. The allegations set forth in Paragraph 16 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 16 are allegations of fact, Palms denies each and every such allegation.

17. The allegations set forth in Paragraph 17 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 17 are allegations of fact, Palms denies each and every such allegation.

## VENUE

18. The allegations set forth in Paragraph 18 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 18 are allegations of fact, Palms denies each and every such allegation.

## GENERAL ALLEGATIONS

## DJ PAULIE and ALLEGED MARKS

19. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19, including sub-paragraphs (a) through (k), and therefore denies them.

20. Palms admits that Exhibit G to the Complaint appears to be a copy of the registration referred to in Paragraph 20 of the Complaint, but denies Plaintiffs' characterization

of that registration. Palms lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 20 and therefore denies them.

21. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21 and therefore denies them.

22. Palms admits that Exhibit H to the Complaint appears to be a copy of the registration referred to in Paragraph 22 of the Complaint, but denies Plaintiffs' characterization of that registration. Palms lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 22 and therefore denies them.

23. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23 and therefore denies them.

24. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24 and therefore denies them.

25. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 25 and therefore denies them.

26. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 and therefore denies them.

**DEFENDANTS' ALLEGED WILLFUL INFRINGEMENT OF THE ALLEGED DJ PAULIE MARKS AND ALLEGED IRREPARABLE HARM TO THE PLAINTIFFS**

27. To the extent that the allegations set forth in Paragraph 27 of the Complaint are directed at Palms, Palms denies them. To the extent that the allegations set forth in Paragraph 27 of the Complaint are directed at the other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations, and therefore denies them.

28.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28 and therefore denies them.

29.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 and therefore denies them.

30.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 and therefore denies them.

31.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 and therefore denies them.

32.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 and therefore denies them.

33.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 and therefore denies them.

34.     To the extent that the allegations set forth in Paragraph 34 of the Complaint are directed at Palms, Palms denies them.  To the extent that the allegations set forth in Paragraph 34 of the Complaint are directed at the other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations, and therefore denies them.

35.     Palms admits that as of the date the Complaint was filed, the defendant, Paul Delvecchio, Jr., was the resident DJ at the Palms Casino Resort in Las Vegas.  With regard to the advertisements identified in Paragraph 35 of the Complaint, copies of which appear to be attached as Exhibits R and S, Palms denies Plaintiffs' characterizations of them.

36.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 and therefore denies them.

37. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 and therefore denies them.

38. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 and therefore denies them.

39. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39 and therefore denies them.

40. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40 and therefore denies them.

## FIRST CLAIM FOR RELIEF

**(Alleged Violation of 15 U.S.C. § 1051 et seq. – Lanham Act Trademark Infringement)**

41. Palms repeats and realleges each of its responses to Paragraphs 1-40 of the Complaint as if fully set forth here.

42. The allegations set forth in Paragraph 42 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 42 are allegations of fact, and are directed at Palms, Palms denies each and every such allegation.

43. The allegations set forth in Paragraph 43 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 43 are allegations of fact, and are directed at Palms, Palms denies each and every such allegation.

44. The allegations set forth in Paragraph 44 of the Complaint are allegations of law to which no response is required. To the extent that the allegations set forth in Paragraph 44 are allegations of fact, and are directed at Palms, Palms denies each and every such allegation.

45. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 45 and therefore denies them.

46.     To the extent that the allegations of infringement and confusion set forth in Paragraph 46 of the Complaint are directed at Palms, Palms denies them.  To the extent that the allegations of infringement and confusion set forth in Paragraph 46 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.  Palms lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 46 of the Complaint, and therefore denies them as well.

47.     To the extent that the allegations set forth in Paragraph 47 of the Complaint are directed at Palms, Palms denies them.  To the extent that the allegations of infringement and confusion set forth in Paragraph 47 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

## SECOND CLAIM FOR RELIEF

**(Alleged Violation of 15 U.S.C. § 1125 – Lanham Act Trademark Dilution)**

48.     Palms repeats and realleges each of its responses to Paragraphs 1-47 of the Complaint as if fully set forth here.

49.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 49 and therefore denies them.

50.     To the extent that the allegations set forth in Paragraph 50 of the Complaint are directed at Palms, Palms denies them.  To the extent that the allegations set forth in Paragraph 50 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

51. To the extent that the allegations set forth in Paragraph 51 of the Complaint are directed at Palms, Palms denies them. To the extent that the allegations set forth in Paragraph 51 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

52. To the extent that the allegations set forth in Paragraph 52 of the Complaint are directed at Palms, Palms denies them. To the extent that the allegations set forth in Paragraph 52 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

53. To the extent that the allegations set forth in Paragraph 53 of the Complaint are directed at Palms, Palms denies them. To the extent that the allegations set forth in Paragraph 53 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

## THIRD CLAIM FOR RELIEF

**(Alleged Violation of 15 U.S.C. § 1125(a) – Federal Unfair Competition)**

54. Palms repeats and realleges each of its responses to Paragraphs 1-53 of the Complaint as if fully set forth here.

55. The allegations set forth in Paragraph 55 of the Complaint consist of conclusions of law to which no response is required. To the extent that any response is required, Palms denies the allegations set forth in Paragraph 55 of the Complaint.

56. To the extent that the allegations set forth in Paragraph 56 of the Complaint are directed at Palms, Palms denies them. To the extent that the allegations set forth in Paragraph 56 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

57.     To the extent that the allegations set forth in Paragraph 57 of the Complaint are directed at Palms, Palms denies them.  To the extent that the allegations set forth in Paragraph 57 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

### FOURTH CLAIM FOR RELIEF

**(Alleged Unfair Competition by Infringement of Common Law Rights)**

58.     Palms repeats and realleges each of its responses to Paragraphs 1-57 of the Complaint as if fully set forth here.

59.     The allegations set forth in Paragraph 59 of the Complaint consist of conclusions of law to which no response is required.  To the extent that any response is required, Palms denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60 of the Complaint concerning the Plaintiffs, and therefore denies them.  As to the last clause of Paragraph 60, to the extent that such allegations are directed at Palms, Palms denies them; to the extent that such allegations are direct at the other Defendants, Plams lacks knowledge or information sufficient to form a belief as to such allegations, and therefore denies them.

61.     The allegations set forth in Paragraph 61 of the Complaint consist of conclusions of law to which no response is required.  To the extent that any response is required, Palms denies the allegations set forth in Paragraph 61 of the Complaint.

## **FIFTH CLAIM FOR RELIEF**

**(Alleged Violation of Connecticut Unfair Trade Practices Act—Conn. Rev. Stat. 42 § 110a et seq.)**

62. Palms repeats and realleges each of its responses to Paragraphs 1-61 of the Complaint as if fully set forth here.

63. The allegations set forth in Paragraph 63 of the Complaint consist of conclusions of law to which no response is required. To the extent that any response is required, Palms denies the allegations set forth in Paragraph 63 of the Complaint.

64. The allegations set forth in Paragraph 64 of the Complaint consist of conclusions of law to which no response is required. To the extent that any response is required, Palms denies the allegations set forth in Paragraph 64, including the sub-paragraphs, of the Complaint.

65. To the extent that the allegations set forth in Paragraph 65 of the Complaint are directed at Palms, Palms denies them. To the extent that the allegations set forth in Paragraph 65 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

66. To the extent that the allegations set forth in Paragraph 66 of the Complaint are directed at Palms, Palms denies them. To the extent that the allegations set forth in Paragraph 66 of the Complaint are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

67. Palms lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 67 of the Complaint concerning the sale of Plaintiffs' services, and therefore denies such allegations. With regard to the remaining allegations set forth in Paragraph 67, to the extent that such allegations are directed at Palms, Palms denies them. To

the extent that such allegations are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to them and therefore denies them.

## ALLEGATION OF DAMAGES

68. To the extent that the allegations set forth in Paragraph 68 of the Complaint are directed at Palms, Palms states that the conduct alleged against it in Plaintiffs' Complaint has not caused, and will not cause, any cognizable damage whatsoever to Plaintiffs, and Palms therefore denies the allegations set forth in Paragraph 68.  To the extent that the allegations set forth in Paragraph 68 are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

69. To the extent that the allegations set forth in Paragraph 69 of the Complaint are directed at Palms, Palms states that the conduct alleged against it in Plaintiffs' Complaint has not caused, and will not cause, any cognizable damage whatsoever to Plaintiffs, and Palms therefore denies the allegations set forth in Paragraph 69.  To the extent that the allegations set forth in Paragraph 69 are directed at other Defendants, Palms lacks knowledge or information sufficient to form a belief as to such allegations and therefore denies them.

With regard to the Wherefore clause of Plaintiffs' Complaint, Palms denies that Plaintiffs are entitled to any relief, including a permanent injunction, a judgment against Palms, damages, full costs, attorneys' fees, or any other relief whatsoever.

## DEFENSES

By alleging the Defenses set forth below, Palms is not acknowledging or conceding that it has the burden of proof on any element of any claim as to which the applicable law places the burden on Plaintiffs.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims and requests for relief are barred by the doctrine of waiver.

## THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiffs' claims are barred by abandonment.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

The Court lacks personal jurisdiction over Palms with respect to Plaintiffs' claims.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrines of ratification and/or acquiescence.

### TENTH DEFENSE

There is no likelihood of confusion between Plaintiffs' alleged marks and any mark(s) used by Palms.

### ELEVENTH DEFENSE

There is no likelihood of dilution of Plaintiffs' alleged marked by reasons of any mark(s) used by Palms.

### TWELFTH DEFENSE

Plaintiffs' alleged marks are descriptive and have not acquired secondary meaning, and therefore not valid and protectible trademarks.

### THIRTEENTH DEFENSE

Plaintiffs' alleged marks have neither inherent nor acquired distinctiveness.

### FOURTEENTH DEFENSE

Plaintiffs' claims fail because Palms' use of the name and moniker D.J. Pauly D. does not constitute a trademark or commercial use.

### FIFTEENTH DEFENSE

Defendant Paul Delvecchio has the right to use his personal name in business and commerce pursuant to 15 U.S.C. § 1115(b)(4) and under the common law, and Palms has used his name with his authority and in that connection only.

### SIXTEENTH DEFENSE

Plaintiffs' alleged marks are not "famous" as defined under the Lanham Act.

### SEVENTEENTH DEFENSE

Palms has not engaged in any acts or practices that are unfair, deceptive, untrue or misleading.

### EIGHTEENTH DEFENSE

Any alleged infringement by Palms was innocent and unintentional, and thus does not warrant the relief demanded, including, but not limited to, treble, exemplary, statutory or punitive damages, an accounting of profits, or an award of attorneys' fees and costs.

### NINETEENTH DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by the conduct of third parties, over whom Palms has no control.

### TWENTIETH DEFENSE

Plaintiffs have failed to mitigate their damages, if any, and, as a result, are not entitled to recover any such damages.

### TWENTY-FIRST DEFENSE

Until it was served with Plaintiffs' Complaint, Palms had no knowledge of the Plaintiffs or their alleged marks.

WHEREFORE, Palms respectfully requests that the Court:

1.　Dismiss the Complaint in its entirety with prejudice and enter judgment in favor of Palms;

2.　Deny all relief sought by Plaintiffs in the Complaint;

3.　Award Palms its attorneys' fees, costs, and disbursements incurred in defending this action; and

4. Grant Palms such other and further relief as the Court deems just and proper.

## JURY DEMAND

Palms hereby demands a jury trial on all issues and claims so triable.

>Respectfully submitted,
>
>**FCH1, LLC (f/k/a FIESTA PALMS, LLC)**
>**D/B/A PALMS RESORT CASINO,**
>
>By its attorneys,
>
>/s/ Edward J. Naughton
>Edward J. Naughton (ct 20822)
>enaughton@brownrudnick.com
>Benjamin M. Welch (admitted pro hac vice)
>bwelch@brownrudnick.com
>BROWN RUDNICK LLP
>One Financial Center
>Boston, MA 02111
>617.856.8200

Dated: August 23, 2012

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

>/s/ Edward J. Naughton
>Edward J. Naughton

60714040 v1-